[Civ. No. 489.    Second Appellate District.—September 10, 1908.]

In the Matter of the Estate of LOUIS RIVIERE, Deceased. ALICE RIVIERE, Devisee, and Her Grantees, Appellants; FRITZ BACHMANN, Executor, Respondent.

ESTATES OF DECEASED PERSONS—COMPENSATION OF ATTORNEY FOR EXECUTOR—SERVICES UPON CONTEST OF WILL BEFORE PROBATE.—The court properly allowed compensation for services rendered to the executor by his attorney, in resisting a contest of the will before probate, as the result of which the will was established, and also for services rendered to the executor upon an appeal taken by the contestants which was dismissed.

ID.—DUTY OF EXECUTOR TO ESTABLISH WILL—RIGHT TO LITIGATE—EXPENSE OF COUNSEL CHARGED UPON ESTATE.—It is the duty of the executor, in the discharge of his trust, to establish the will and to execute the wishes of the testator, and having the right to litigate for that purpose, the expense of counsel necessarily employed for successful litigation is a charge upon the estate.

ID.—DENIAL OF FORMER APPLICATION FOR FEES—PRIVILEGE OF RENEWAL —PENDENCY OF ACTION—DISCRETION—PRESUMPTION.—The denial of a former application for allowance of attorney's fees after the will was established, with privilege of renewing the same, made before the motion of the contestants for a new trial, and their subsequent appeal, was an order made in a pending action, the subsequent granting of which, at the end of the litigation, together with an allowance for further services rendered, was in the discretion of the court, which must be presumed to have been properly exercised.

ID.—POWER OF EXECUTOR TO CHARGE ESTATE—RELATION OF LIABILITY AFTER APPOINTMENT.—Assuming that no power to charge the estate by contract exists in the executor prior to his due appointment,

nevertheless when such appointment is made, the liability of the estate for expense of counsel incurred in securing probate of the will would relate to the initiatory act necessarily performed in endeavoring to secure probate of the will.

ID.—CONSTRUCTION OF CODE—TESTACY FAVORED—RIGHTS OF ATTORNEY. The law favors testacy; and section 1616 of the Code of Civil Procedure, as to the rights of an attorney who has rendered services to an executor or administrator to apply to the court for compensation, should receive such construction as would include services rendered to the executor in establishing the will.

APPEAL from an order of the Superior Court of Los Angeles County, allowing attorney's fees for services rendered to an executor. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Edgar E. Lefebvre, McNutt & Hannon, Edward G. Kuster, and Edward L. Hutchinson, for Appellants.

Charles H. Mattingly, for Respondent.

ALLEN, P. J.—Appeal from an order allowing respondent an attorney's fee for certain services rendered the executor before and after appointment.

One Louis Riviere died in 1905, leaving an estate exceeding $50,000 in value, before which time he had executed a paper writing purporting to be his last will and testament, in which one Bachmann was named as executor. This will was offered for probate by the executor, who employed respondent, an attorney, for that purpose. A contest was filed by parties interested in the estate, and upon a hearing the will was admitted to probate and letters testamentary issued to Bachmann. Thereupon respondent, upon an affidavit and showing as to services rendered in the proceedings connected with the probate of the will, and their value, moved the court in which such proceedings were pending for an order under section 1616, Code of Civil Procedure, as amended, and section 1619, Code of Civil Procedure, for an allowance to himself of a just and reasonable compensation for extraordinary services rendered as attorney to said executor in the defense of the contests so instituted. This application, on June 5, 1906, the court denied giving respondent, however, the privi-

lege of renewing the same. Thereafter, the contestants served
upon respondent, as counsel for the executor, a notice of in-
tention to move for a new trial, and likewise served a state-
ment of the case, to which statement respondent, as such coun-
sel, submitted amendments which were in part adopted by the
court, and the statement, with its amendments, was settled.
Upon hearing of the motion for a new trial the same was de-
nied, and contestants took an appeal from the judgment and
order. Respondent, after such appeal was perfected, made
preparation for argument and hearing in the supreme court,
but before final submission the contestants dismissed the ap-
peal. After the judgment so admitting the will to probate
had become final respondent renewed his motion for an allow-
ance for services set forth in the original motion, as well as
for services thereafter rendered the executor upon the appeal;
and the court, upon the hearing thereof, made its order al-
lowing him for services before the admission of the will to
probate the sum of $1,000, and for services upon the appeal
$500, and ordered the executor to pay such sums to respond-
ent. From this last order the contestants to the probate of
the will and those otherwise interested in the estate take the
appeal now under consideration.

The first point made by appellants is, that the order of the
court, made in 1906, denying the application of respondent
for an allowance for services rendered before the will was
admitted to probate was a complete adjudication of his rights
in relation thereto, and no appeal being had therefrom, he is
concluded thereby, and the court was consequently without
jurisdiction to hear and determine the subsequent motion upon
which the order appealed from is based. The record dis-
closing, as it does, that the order of 1906 was made before the
motion for a new trial and the perfecting of the appeal, it
was therefore an order made in a pending action, and under
section 182, Code of Civil Procedure, a second application
could be made when liberty to renew the same was granted at
the time of the denial. The granting of a motion after the
same has once been denied is a matter addressed to the dis-
cretion of the court, and it will be presumed to have prop-
erly exercised this discretion if it permits the motion to be
presented the second time. (*Johnston* v. *Brown,* 115 Cal.
696, [47 Pac. 686].)

As to the sum of $500 allowed for services upon the appeal, the subject thereof was not included within the original motion, and under no circumstances could it be said that there was any prior adjudication with reference to such subsequent services, even though the appeal was from a judgment rendered before letters issued.

The second and principal point raised by appellants is that, under the laws of this state, no attorney's fee can be allowed against an estate for services rendered before the will is admitted to probate, and this upon the authority of *Miller* v. *Kehoe*, 107 Cal. 340, [40 Pac. 485], which declares that "counsel fees are not recoverable by a successful party in an action either at law or equity, except in the enumerated instances where they are expressly allowed by statute"; and this principle is applied to matters in probate. (*Estate of Olmstead,* 120 Cal. 454, [52 Pac. 804].) The case last cited does not, in our opinion, determine the question here involved. In that case the contestants were successful, and the will was not admitted to probate because it had been revoked. Consequently, there was no executor for whom services could be rendered, and section 1616 does not warrant payment except for services rendered an executor or administrator. In this case, the will which appointed Bachmann executor was admitted to probate and letters testamentary issued to him. The acts of the executor named in procuring the probate of the will are comprehended within the general services rendered the estate, and it was as much Bachmann's duty to present the will for probate and take all necessary steps looking thereto as it was to perform any other directions thereunder. When one executes a will and appoints an executor there is an implied direction by the testator that such person shall take all steps necessary to carry into effect the intent and object of the testator. The confidence reposed in such executor by the testator would be abused, and he would prove recreant to his trust did he not, even in the face of contests, diligently endeavor to establish the will and in all respects to carry out the wishes of the testator. The right to employ counsel depends upon the right to litigate. (*Estate of Jessup,* 80 Cal. 626, [22 Pac. 260].) Having, as we believe, the right to litigate, and for the successful conduct of which the employment of counsel became necessary, the expense of such counsel was a proper charge against the estate. Assuming that no power

to charge the estate by a contract reposed in the executor until his due appointment, nevertheless when such appointment is made the liability of the estate to the executor would relate to the initiatory act necessarily performed in effecting the purposes of the testator by the due probate of his will. The law favors testacy, and section 1616, which provides: "Any attorney who has rendered services to an executor or administrator may, at any time during the administration, . . . apply to the court for an allowance to himself of compensation therefor," should receive such construction as would include services rendered the executor in the performance of any duty devolving upon him by the terms of the will, including that duty of prosecuting necessary and proper proceedings toward the establishment of such will.

We find no error in the judgment and order appealed from, and the same are affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 9, 1908.