[S. F. No. 5047. In Bank.—March 31, 1909.]

In the Matter of the Estate of JOHN R. HITE, Deceased. LOUIS TITUS et al., Appellants.

ESTATE OF DECEASED PERSONS—PAYMENT OF ATTORNEYS' FEES.—Prior to the amendment of 1905 to section 1616 of the Code of Civil Procedure, the attorney of an executor or administrator was not a party interested in the estate of a deceased person, and must look solely to the executor or administrator for his compensation, such officer being allowed credit on his accounting for such reasonable fees as he had paid his attorney for advice and conducting necessary proceedings and suits in court.

ID.—LIABILITY OF ESTATE SINCE AMENDMENT OF 1905 TO SECTION 1616 OF CODE OF CIVIL PROCEDURE.—Section 1616 of the Code of Civil Procedure, as so amended, does not subject an estate to any greater liability in the matter of attorneys' fees for legal services rendered to an executor or administrator than existed prior to the amendment. The whole purpose and effect of the section, as amended, is to make the attorney a party interested in the estate for the purpose of directly enforcing his claim for such compensation for legal services as would be allowed the executor or administrator on an accounting as necessary expenses in the discharge of his duties.

ID.—ORDINARY PROBATE PROCEEDINGS—EXTRAORDINARY SERVICES—APPLICATION FOR COMPENSATION.—So far as legal services in conducting "the ordinary probate proceedings" are concerned, section 1619 of the Code of Civil Procedure, as amended in 1905, establishes the compensation in the way of certain fixed commissions on the "amount of the estate accounted for by" the executor or administrator, and for such proceedings such commissions constitute the compensation that the court may order paid on an application by the attorney under section 1616 of that Code. For the legal services denominated in section 1619 "extraordinary service," the court has the same power that it formerly had to determine whether the same was necessarily required of the executor or administrator in the proper discharge of his duty, and what would be a just and reason-

able allowance to make to the executor or administrator on account thereof, and on application by an attorney under section 1616 for compensation for such services he is entitled to receive only such compensation therefor as the court would have allowed the executor or administrator for fees of attorneys on an accounting.

ID.—DISCRETIONARY POWER OF COURT—DISALLOWANCE OF ILLEGAL OR UNJUST CLAIMS OF ATTORNEY.—Where an application is made directly by attorneys for compensation, under section 1616 of the Code of Civil Procedure, the court has the same broad discretionary power in hearing and deciding the same that it formerly had and still has in regard to a charge made in the account of an executor or administrator for fees paid to attorneys in the matter of the settlement of the estate, and may, of its own motion, without any objections or exceptions by those interested in the estate, disallow such claims of the attorneys as are illegal in themselves or unjust in fact.

ID.—SUCCESSFUL RESISTANCE OF CONTEST OF WILL—DUTY OF EXECUTOR ON CONTEST.—Assuming that the court has power, under sections 1616 and 1619 of the Code of Civil Procedure, to make an allowance from the estate for the services of the attorney for the executor in successfully resisting a contest to the probate of the will, it is for the court to determine whether the case was one wherein it was necessary or proper for the executor to resist the opposition to the probate. The mere fact that the statute authorizes him to resist the opposition does not give him the right to be reimbursed from the estate for his expenses in the way of attorneys' fees. The statute nowhere requires the executor named in the will who has petitioned for its probate to resist the claim of one filing written grounds of opposition thereto. He may or may not, at his option, become a party to the contest by demurring or answering the opposition.

ID.—REIMBURSEMENT OF EXECUTOR FOR EXPENSES INCURRED ON CONTEST.—Whether the executor is entitled to credit for the expenses incurred in the litigation to establish the will depends on circumstances. In so far as he simply performs a duty, the expenses fairly incurred by him in a contest with the heirs at law are payable out of the estate, whatever be the consequences to the successful contestants; but if he voluntarily assume the burden of a contest which properly belongs to the legatees or devisees, he must look to them and not to the estate for reimbursement. If, therefore, an administrator or executor incur expense at the request or in the interest of a legatee or devisee, in the fruitless attempt to establish a will, the parties are liable therefor, but not the estate. If the will is established, however, the costs and counsel fees, being chargeable against those who are benefited by the litigation, may be charged against the estate, if it go to the parties so benefited; otherwise, the executor's remedy is by action for contribution.

CLV Cal.—29

ID.—CONTEST OF CODICIL BETWEEN LEGATEES—EXECUTOR NOT INTER-
ESTED IN.—The court, in the exercise of its discretion, was war-
ranted in refusing to allow payment from the estate of the attor-
neys' fees of the executor incurred in successfully resisting a con-
test over codicils to the will, instituted by a legatee whose legacy
under the will had been reduced by the codicils, where the sole pur-
port of the codicils was to enhance the beneficial interests of certain
legatees and to reduce those of others.

ID.—TIME FOR PAYMENT OF ATTORNEYS' FEES—ACCOUNTING BY EXEC-
UTOR.—Services rendered by the attorney of the executor in the
formal work of preparing the necessary papers on probate of the
will and codicil, are rendered "in conducting the ordinary probate
proceedings," within the meaning of section 1619 of the Code of
Civil Procedure, and the compensation therefor is included in the
commissions "upon the amount of the estate accounted for" by the
executor established by the same section as the compensation of
attorneys for the ordinary probate proceedings in the matter of an
estate. The court is not authorized in making any further allow-
ance on account of such services, as for any extraordinary service,
nor is it required, by section 1616 of that code, to make any allow-
ance therefor in advance of a final account by the executor or admin-
istrator. For the so-called "extraordinary service," for which the
court may allow additional compensation, an allowance may be made
at any time after the service is rendered.

ID.—ORDER REFUSING COMPENSATION—BILL OF EXCEPTIONS ON APPEAL
—APPLICATION BASED ON PAPERS IN CASE.—Where the attorneys
for the executor make application to the court for an order fixing
their compensation, which is submitted to the court "on the files,
papers and records in the case," on an appeal from an order denying
the application, the will and codicils forming part of such papers
are properly included in the bill of exceptions.

APPEAL from an order of the Superior Court of the City
and County of San Francisco refusing to allow attorneys' fees
in the estate of a deceased person.  J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Louis Titus, H. M. Wright, and W. E. Creed, *in pro. per.,*
for Appellants.

E. W. McGraw, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order deny-
ing the application of appellants for an order allowing them
compensation, in a sum to be fixed by the court, for services

rendered by them as attorneys at law prior to the probate of the will of deceased, to and under employment by the person named in said will as executor. The application was made and acted on by the court after the suspension from office of said executor, after the appellants had ceased to act as a' torneys in the estate, and before any final accounting of the affairs of said estate. The legal services alleged to have been performed for which the estate could in any event be held liable, so far as the same can be held to constitute other than services in conducting the "ordinary probate proceedings," consisted of advice and assistance in the matter of preparing to resist certain contests of two codicils to said will, and in representing the executor in the proceedings instituted in court in support of said contests. The provisions of the will and codicils and the facts in relation to those proceedings are stated in the opinion in *Estate of Hite, (ante,* p. 436), [101 Pac. 443], this day filed and need not again be stated here. One of the residuary devisees filed an opposition to the application of appellants, in the form of a demurrer, upon grounds which may here be conceded not to have been well based. It appears from the record that the matter of such application was submitted to the court "on the files, papers and records in the case," and the court made the following disposition thereof: "It is ordered that the demurrer of J. Claude Riley be and is sustained, and petitioners declining in open court to amend their petition, it is ordered that the same be denied."

The action of appellants in applying directly to the court for an order fixing their compensation and directing payment thereof is based on the provisions of section 1616 of the Code of Civil Procedure, as amended in 1905. Prior to such amendment it was settled that the attorney of an executor or administrator was not a party interested in the estate, and must look solely to the executor or administrator for his compensation, such officer being allowed credit on his accounting for such reasonable fees as he had paid his attorney for advice and conducting necessary proceedings and suits in court. Section 1616 of the Code of Civil Procedure, as amended in 1905, provides: "Any attorney who has rendered services to an executor or administrator may at any time during the administration, and upon such notice to the other parties interested in the estate as the court shall by order require, apply

to the court for an allowance to himself for compensation therefor, and the court shall on the hearing of such application make an order requiring the executor or administrator to pay to such attorney out of the estate such compensation as to the court shall seem proper." The section gives an appeal to the attorney and other parties interested from any order "fixing the amount of such compensation," which this court held on a motion to dismiss this appeal included the right to appeal from an order denying any compensation. At the same time, section 1618 of the Code of Civil Procedure was amended and a new section numbered 1619 was added. As amended, section 1618 allows the executor or administrator for his services certain commissions on "the amount of the estate accounted for by" him, and section 1619 provides: "Executors and administrators shall be allowed for fees of their attorneys for conducting the ordinary probate proceedings, the same amounts as are allowed by the last section as compensation for executors and administrators for their own services. In all cases, such further allowance may be made as the court may deem just and reasonable for any extraordinary services, such as sales or mortgages of real estate, contested or litigated claims against the estate, litigation in regard to the property of the estate, and such other litigation as may be necessary for the executor or administrator to prosecute or defend."

It is clear that section 1616 of the Code of Civil Procedure, as amended, was not intended to subject an estate to any greater liability in the matter of attorney fees for legal services rendered to an executor or administrator than existed prior to the amendment. So far as legal services in conducting "the ordinary probate proceedings" are concerned, the legislature by section 1619 of the Code of Civil Procedure, established the compensation in the way of certain fixed com-. missions on the "amount of the estate accounted for by" the executor or administrator, and for such proceedings such commissions constitute the compensation that the court may order paid on an application by the attorney under section 1616 of the Code of Civil Procedure. For the legal services denominated in section 1619 "extraordinary service," the probate court was left with the power that it formerly had to determine whether the same was necessarily required of the

executor or administrator in the proper discharge of his duty,
and what would be a just and reasonable allowance to make
to the executor or administrator on account thereof, and on
application by an attorney under section 1616 for compensa-
tion for such services he is entitled to receive only such com-
pensation therefor as the probate court would have allowed
the executor or administrator for fees of attorneys on an
accounting. The whole purpose and the only effect of section
1616 as amended is to make the attorney a party interested
in the estate for the purpose of directly enforcing his claim
for such compensation for legal services as would be allowed
the executor or administrator on an accounting as necessary
expenses in the discharge of his duties.

It would appear to follow that when an application of this
character is made directly by attorneys, the probate court has
the same broad discretionary power in hearing and deciding
the same that it formerly had and still has in regard to a
charge made in the account of an executor or administrator
for fees paid to attorneys in the matter of the settlement of
the estate. It is thoroughly settled that objections or excep-
tions on the part of one interested in an estate to the credits
claimed by an executor or administrator in his account are not
essential to the power of the court to disallow or reduce them,
and that it is the duty of the court even where no objection
is presented, to carefully examine the account and reject of
its own motion all claims of the executor or administrator that
are illegal in themselves or unjust in fact. (See *In re Sander-
son,* 74 Cal. 199, 210, [15 Pac. 753]; *Estate of More,* 121 Cal.
635, 639, [54 Pac. 148]; *Estate of Franklin,* 133 Cal. 584,
587, [65 Pac. 1081]; *Estate of Willey,* 140 Cal. 238, 243, [73
Pac. 998].) In actual practice this rule has always been ob-
served in the matter of the charges made for fees of attorneys,
and the power of the probate court in this regard is the same
now that it always has been, save that for "the ordinary pro-
bate proceedings" the court must allow the commissions fixed
by section 1619 as amended. We have no doubt that the same
rule is applicable where an application for attorney's fees is
made directly by the attorney.

In view of what we have said, if we concede that neither of
the grounds of objection stated in the written opposition pre-
sented by Riley to appellants' application by way of demurrer

was well founded, it does not follow that the order of the lower court denying such application must be reversed. The court had the power and it was its duty to deny the application, in the absence of any written opposition thereto, if the services for which compensation was sought were not such as should be paid for from the funds of the estate. Although the court ordered that "the demurrer of J. Claude Riley be and is sustained," it clearly enough appears from the record that the matter of the application was considered upon the facts shown by the files, papers, and records in the matter of the estate, and denied in the light of those facts. As we have seen, the record shows that the matter was submitted to the court on such files, papers, and records, and in view of the character and subject-matter of the application, the order of the court was, in effect, that the allegations of the petition, considered in the light of the facts shown by the files, papers, and records of the estate, did not establish a case in which the court should then allow attorney fees from the estate. Did the court err in so concluding?

We have no statute in this state which in terms authorizes an executor named in a will to recover from the estate fees paid by him to attorneys in resisting a contest of the will before probate. It was held in *Estate of Olmstead,* 120 Cal. 447, 454, [52 Pac. 804], that such attorney fees are not allowable as "costs" under section 1720 of the Code of Civil Procedure. If allowable at all, they are allowable under the general provision of section 1616 of the Code of Civil Procedure, that executors shall be allowed all necessary expenses in the care, management, and settlement of the estate, and the provision of section 1619 of the Code of Civil Procedure, that executors etc. shall be allowed for attorney fees such further allowance in addition to the ordinary commissions as the court may deem reasonable for such extraordinary service as the conducting of such litigation "as may be necessary for the executor or administrator to prosecute or defend." We are not called upon here to determine whether a court has the power under these provisions to make an allowance for attorney fees from the estate in such a case, where the contest is successfully resisted or withdrawn before trial, and the will is admitted to probate. Assuming the power to exist, it was clearly for the probate court to determine whether the case was

one wherein it was necessary or proper for the executor to
resist the opposition to the probate. The mere fact that the
statute authorizes him to resist the opposition does not give
him the right to be reimbursed from the estate for his ex-
penses in the way of attorney fees. It is conceded by appel-
lants that in this state, ·if the opposition to the alleged will is
finally sustained and the instrument is denied probate, he can-
not be reimbursed at all for such expense (see *Estate of Olm-
stead,* 120 Cal. 447, 454, [52 Pac. 804]), and this is so even
though his resistance to the opposition was in good faith. The
statute nowhere requires the executor named in the will who
has petitioned for its probate to resist the claim of one filing
written grounds of opposition thereto. He may or may not, at
his option, become a party to the contest by demurring or
answering the opposition. (See Code Civ. Proc., sec. 1312.)
It is obvious that there are many cases in which the executor
named in the will would not be warranted in engaging in litiga-
tion at the expense of the estate for the purpose of establishing
the paper offered by him for probate, even though he believed
that it should be admitted and that a trial of the contest would
so establish. Mr. Woerner says: "Whether the executor is en-
titled to credit for the expenses incurred in the litigation to
establish a will depends on circumstances in several directions.
In so far as he simply performs a duty, the expenses fairly
incurred by him in a contest with the heirs at law are payable
out of the estate, whatever be the consequences to the success-
ful contestants; but if he voluntarily assume the burden of a
contest which properly belongs to the legatees or devisees, he
must look to them, and not to the estate for reimbursement.
It is held to be the duty, or at least the privilege, of the person
named as executor in a paper purporting to be a last will, to
propound the same for probate in the proper court; but the
executor is not bound to become a party to an issue of *devisavit
vel non,* unless he be secured for the expenses by the persons
interested in the will. . . . If, therefore, an administrator or
executor incur expense at the request or in the interest of a
legatee or devisee, in the fruitless attempt to establish a will,
the parties are liable therefor, but not the estate. If the will is
established, however, the costs and counsel fees, *being charge-
able against those who are benefited by the litigation,* may be
charged against the estate, *if it go to the parties so benefited;*

otherwise, the executor's remedy is by action for contribution."
(2 Woerner on Administration, 2 ed. sec. 517.)

(The italics are ours.)

We think this states a most equitable rule, and one that is in full accord with the established doctrine in this state that an executor or administrator as such has no part to play in contests between heirs, devisees, or legatees disputing. regarding the distribution of the estate. As in the case of a contest on distribution, a contest of a will is generally nothing more than a contest between heirs and devisees and legatees for the property of the deceased. As put in a Pennsylvania case: "As regards the *quantum* of the estate, it is a matter of indifference whether there be a will or not. Will or no will, is a question which cannot affect the estate, in this respect, in the slightest degree; but it may be, and generally is, a matter of great interest to those who claim as legatees or devisees under the writing purporting to be a will. They are the only persons interested in establishing it as a will. While on the other hand, the heirs at law or next of kin to the deceased, who are either excluded by the writing from receiving any portion of the estate, or as much of it as they would be entitled to in case of intestacy, are the persons principally interested in opposing the establishment of the writing as a will." (See *Mumper's Appeal*, 3 Watts & S. (Pa.) 442.) There is no decision of this court relative to contests before probate that is in conflict with the expressions above quoted from Woerner on Administration. In *Henry* v. *Superior Court*, 93 Cal. 569, [29 Pac. 230], where it was held that until the will had been admitted to probate, or probate thereof denied, the court has no power to appropriate the funds of the estate to aid either proponent or contestant in the matter of attorney fees, witness fees, and other expenses, the court said: "It is safe to assume that parties interested as devisees and legatees will always take the necessary steps and provide necessary funds to procure the attendance of witnesses to establish the validity of a will, if it is worthy of probate." In *Estate of McKinney*, 112 Cal. 447, [44 Pac. 743], it appears to have been held that it was within the power of the probate court, in its discretion, to refuse to allow attorney fees in resisting a contest before probate, even though the contest was unsuccessful, and that the action of the court in this regard would not be disturbed

unless there had been an abuse of such discretion. In *Estate
of Whetton*, 98 Cal. 203, [32 Pac. 970], a contest after pro-
bate, it was claimed that the executor had no legal right to
support and defend the will, and that his opposition to the
petition for revocation could not be considered. This was the
only question presented by the appeal, and it was held, of
course, that he did have such right. In view of our stat-
utory provisions on the subject, no other decision was possible.
What was incidentally said to the effect that it was the *duty*
of the executor under his trust to oppose a contest after pro-
bate was *obiter dictum*. We do not think that it can be laid
down as an absolute rule that the executor is always required
to oppose a contest after probate. However, the *dictum* re-
ferred to was limited by the court to contests after probate,
and there was no question in the case relative to the right of
the executor to reimbursement for expenses incurred in re-
sisting a contest. The facts in relation to the proposed con-
tests were such as to warrant the court, in the exercise of its
discretion, in refusing any attorney fees to the executor on
account thereof. As we have seen, the oppositions filed were
not to the original will, but only to the codicils. The second
codicil, executed two days before Hite's death, was solely for
the benefit of Lucretia V. Grove, the only change made there-
by being to increase her legacy of ten thousand dollars to two
hundred thousand dollars. She was the one person in the
world to be benefited by the sustaining of the codicil, which
would reduce the residuary share by one hundred and ninety
thousand dollars. Two thirds of this reduction would have to
be borne by the residuary legatees other than herself, who
would be compelled to pay two thirds of the compensation of
attorneys for services rendered in maintaining a codicil reduc-
ing their share of the estate, if such compensation is paid by
the estate. It would be difficult to find a clearer example of a
contest in which the estate is absolutely without interest, one .
in which it is just and equitable that those having a direct
interest and maintaining the paper assailed should bear all
the costs and charges of maintaining it. The first codicil sim-
ply gave additional legacies aggregating about nine thousand
dollars, and reduced legacies given by the original will in the
same aggregate amount. The only parties interested in main-
taining this paper were the new legatees. We think the court

was fully warranted in declining to allow compensation from the estate on account thereof.

The opinion of the learned trial judge is incorporated in respondent's brief. While it constitutes no part of the record, it is proper to say that it appears therefrom that he was of the opinion that, conceding the power of the court in a proper case to allow attorney fees for resisting a contest before probate, a question not decided by him, this was not a proper case for such allowance.

It is further urged by appellants that in any event they were entitled to be allowed compensation for the formal work of preparing necessary papers on probate of the will and codicils, such as the order admitting them to probate, the certificate establishing the same, the written testimony of the witnesses, etc. Such services were rendered in "conducting the ordinary probate proceedings" mentioned in section 1619 of the Code of Civil Procedure, and the compensation therefor is included in the commissions "upon the amount of the estate accounted for" by the executor established by the same section as the compensation of attorneys for the ordinary probate proceedings in the matter of an estate. A court would not be authorized, in view of this statute, in making any further allowance on account of such services, as for any extraordinary service. We do not think that it was intended by section 1616 of the Code of Civil Procedure to require a court to make any allowance on account of such commissions in advance of a final account by the executor or administrator. While that section provides that any attorney who has rendered services "may at any time during the administration" make an application for compensation for his services, and the court shall thereon make an order requiring the payment of such compensation for the services as the court shall deem proper, the section must be read with section 1619. Under the latter section, the compensation of an attorney for all the "ordinary probate proceedings" is made up of the commissions specified upon the amount of the estate accounted for by the executor or administrator. The amount to be allowed for all the ordinary proceedings cannot be ascertained until the amount of the estate accounted for in the administration is known, and unless the whole amount of the compensation can be ascertained, it is impossible to arrive at the proportionate amount to be al-

lowed for a part of such services. It is settled that an executor or administrator is not entitled to the commissions allowed him by law until the settlement of his final account. (See *Estate of Rose*, 80 Cal. 166, 180, [22 Pac. 86] ; *Estate of Carter*, 132 Cal. 114, [64 Pac. 123, 484].) We think the same rule must be held applicable to attorneys under the commission method of compensation provided for by section 1619, so far as the ordinary probate proceedings are concerned, and that nothing is due from the estate on account thereof until such services are completed. For the so-called "extraordinary service" for which the court may fix and allow such additional compensation as it deems just and proper under all the circumstances, no reason now appears to us why an allowance cannot be made at any time after the service is rendered.

Objection is made to the inclusion of the will and codicils in the bill of exceptions, but as we have already seen the matter was submitted to this court for consideration upon all the records, files, and papers in the cause, and these papers constituted a part thereof. Objection is made to the insertion of other statements in such bill, but as we deem them absolutely immaterial and without prejudice to appellants' rights, it is not necessary to determine whether or not they should have been inserted.

The order appealed from is affirmed.

Shaw, J., Sloss, J., Henshaw, J., and Melvin, J., concurred.

Rehearing denied.