[L. A. No. 2607.  In Bank.—September 7, 1910.]

In the Matter of the Estate of THOMAS J. HIGGINS, Deceased.

ESTATE OF DECEASED PERSON—APPLICATION FOR ATTORNEY'S FEES.—An attorney can obtain, by an application for fees for legal services,

made under section 1616 of the Code of Civil Procedure, only such sums as are properly allowable to the executor or administrator as necessary expenses in the discharge of his duties.

ID.—ATTORNEY'S FEES FOR LITIGATION BY EXECUTOR.—Under section 1619 of the Code of Civil Procedure, to warrant an allowance for attorney's fees for litigation of the executor or administrator, the litigation must have been such as was necessary for the executor or administrator to prosecute or defend.

ID.—CONTEST OF PROBATE OF WILL—EXECUTOR NEED NOT OPPOSE.—The executor named in a will is not bound to engage in litigation for the purpose of establishing the paper offered by him for probate, and if he voluntarily assumes the burden of a contest which properly belongs to the legatees or devisees, he must look to them, and not to the estate for reimbursement.

ID.—NECESSITY OF OPPOSITION BY EXECUTOR—EXECUTOR SOLE PERSON BENEFITED IN UPHOLDING WILL.—While it is for the probate court to determine whether the case was one wherein it was necessary and proper for the executor as such to have resisted the opposition to the probate, at the expense of the estate, its determination in favor of the executor is not conclusive, and will not be sustained, notwithstanding the will is upheld, if the executor, as an individual, was the only person who could have been beneficially interested in upholding the will.

APPEAL from an order of the Superior Court of San Diego County allowing attorney's fees from the estate of a deceased person. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

E. H. Lamme, and Puterbaugh & Puterbaugh, for Appellants.

Wright, Schoonover & Winnek, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order made on the application of certain attorneys under section 1616 of the Code of Civil Procedure fixing the sum of two thousand dollars as their compensation for extraordinary legal services in resisting a contest before probate of the will of deceased, and directing the payment of the same by the executor of the will from the moneys in his hands belonging to the estate.

The deceased left an estate consisting entirely of community property. He left surviving him his wife, Phoebe B. Higgins, a daughter, Cornelia B. Chick, and two sons, Albert E. Hig-

gins and Herbert R. Higgins. By the terms of his will he purported to give to his wife her one half of said community property, and divided the other one half as follows: One sixth to said Cornelia, two sixths to said Albert and three sixths to said Herbert. The effect of the will was therefore simply to take from Cornelia one half of the share to which she would have succeeded as an heir if deceased had died intestate and to give the same to Herbert. Herbert was named in said will as the executor thereof. He offered the will for probate. Objections to its admission to probate on the grounds of undue influence and incompetency were presented by Cornelia and Albert, and these objections were answered and contested by Herbert and the widow. The petitioning attorneys were employed by the proponent, Herbert, to represent him in said contest, and it is for the services rendered under such employment that compensation from the estate was allowed by the order appealed from. The proponent prevailed upon the contest, and the will was admitted to probate. The application of the attorneys for payment for their services from the funds of the estate was opposed by Cornelia and Albert, and the appeal from the order making such allowance is by them.

As was substantially said in *Estate of Hite,* 155 Cal. 448, 452, [101 Pac. 448], an attorney can obtain by an application for fees for legal services made under section 1616 of the Code of Civil Procedure only such sums as are properly allowable to the executor or administrator as necessary expenses in the discharge of his duties. The question, therefore, is whether the trial court would have been warranted in concluding that the executor was entitled to recover from the estate the fee that he had paid or for which he had become liable to the attorneys employed by him to resist the contest of the will for the services rendered by them under such employment. In view of the provisions of section 1619 of the Code of Civil Procedure, to warrant an allowance for attorney fees for litigation of the executor or administrator, the litigation must have been such as was "necessary for the executor or administrator to prosecute or defend." In *Estate of Hite,* 155 Cal. 448, [101 Pac. 448], it was held that the lower court was fully warranted in refusing to make any allowance to the executor in a case where the contest had been successfully resisted, the basis of the decision being that the court was justified in concluding

that the case was one in which it was just and equitable that such expense should be borne by those who had a direct and beneficial interest in maintaining the assailed will, rather than by the estate generally, and that the estate had no such interest in the maintenance of certain codicils assailed by the contest as warranted the executor in defending the same at the expense of the estate. It was definitely declared that the executor named in a will is not bound to engage in litigation for the purpose of establishing the paper offered by him for probate, and, approvingly quoting from Woerner on Administration, that if the executor "voluntarily assume the burden of a contest which properly belongs to the legatees or devisees, he must look to them, and not to the estate for reimbursement." It was conceded that it was for the probate court to determine whether the case was one wherein it was necessary and proper for the executor as such to have resisted the opposition to the probate. In this case the lower court has made such determination in favor of the executor, but its determination is not conclusive, and should be set aside if it is clear that it is entirely without support in the facts. The undisputed facts in this case are much stronger against the executor than those in the Hite case. They show that the only person beneficially interested in maintaining the will was the executor himself. If maintained, he would receive three twelfths of the estate of deceased instead of two twelfths, and Cornelia would receive but one twelfth instead of two twelfths. In all other respects, the disposition of the property of deceased would be unaffected by the result of the contest. The contest was thus practically nothing but a contest between the executor and Cornelia for one twelfth of the estate of decedent. No one else was or could be beneficially interested. In view of the principles declared in the Hite case there was nothing in the facts of this case to furnish any support for a conclusion that the executor was warranted in defending this will at the expense of the estate. To hold otherwise would simply be to enable him by reason of his position as executor to subject the whole estate to such expenses as were incurred by him in litigation defended by him for his own sole benefit as a devisee and legatee under the assailed will. It cannot properly be held that it was necessary for him *as executor* to defend such litigation. While he undoubtedly had the legal right

under our statute to defend the will in his capacity as executor (Code Civ. Proc., secs. 1299 and 1312; *Estate of Hite,* 155 Cal. 448, [101 Pac. 448], if such defense was solely for his own benefit as a devisee and legatee and could not operate beneficially as to any other person interested in the estate, he must bear the costs and charges of maintaining it. The general reasoning in support of our conclusion has been so recently stated in *Estate of Hite,* 155 Cal. 448, [101 Pac. 448], that it is unnecessary to discuss the question further. If there be anything in *Estate of Riviere,* 8 Cal. App. 773, [98 Pac. 46], that is in conflict with what is said in *Estate of Hite,* the latter case must of course control. But, as we understand *Estate of Riviere,* 8 Cal. App. 773, [98 Pac. 46], the point decided by the learned district court of appeal was simply that an attorney's fee may, under some circumstances, be allowed an executor for service rendered by attorneys employed by him in resisting a contest before probate, where the contest is unsuccessful and the will is finally admitted to probate. This we are not disposed to dispute. The circumstances may well be such as to make such an allowance entirely equitable as to all persons interested in the estate. But if expressions in that case can reasonably be construed as going further than this, they cannot be considered as authority.

The order appealed from is reversed.

Shaw, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.