[Civ. No. 10919. First Appellate District, Division Two.—November 9, 1938.]

In the Matter of the Estate of JOSEPH A. SILVA, Deceased. GLADYS E. McCORMICK, as Executrix, etc., Appellant, v. JOAQUIN SILVA et al., Respondents.

Owen D. Richardson and Edward M. Fellows for Appellant.

Phillip Barnett, David M. Burnett, John M. Burnett and Samuel Vartan for Respondents.

STURTEVANT, J.—This is an appeal from an order made by the probate court refusing to allow compensation to the executrix and her attorneys for services rendered in defending a will contest before the will had been admitted to probate.

Joseph A. Silva died on January 13, 1937. At the time of his death he was about eighty-seven years of age. The record does not disclose whether he was ever married. There are recitals to the effect that his only heirs at the time of his death were brothers and sisters and no others. He had accumulated and was the owner of both real and personal property located in Santa Clara County, the county in which he died. On the 15th day of March, 1934, he executed a deed to Gladys E. McCormick conveying to her a house and lot located at 430 North Fifth Street in San Jose, and on April 11, 1934, he executed a deed conveying to her his home place also located in San Jose, and on March 15, 1934, he executed and delivered to her a note and trust deed recorded in liber 662 of official records of Santa Clara County at page 554. On the 25th day of December, 1936, he executed a will. In the third paragraph he gave to Gladys E. McCormick each of the properties theretofore conveyed to her and expressly ratified and confirmed said conveyances. In the fourth paragraph he gave and divided all of the rest of his property in equal shares to those of his brothers and sisters that might survive him. No other bequest whatever was made. The decedent declared in his will that he was unmarried and left no issue, and the will contains a clause to the effect that if any person other than

those mentioned should prove he was an heir, he gave to such person one dollar. In the will the decedent named Gladys E. McCormick executrix to act without bond. In due time she filed a petition asking that the will be admitted to probate. Before the hearing of that petition the brothers and sisters filed a contest alleging that the will was made under undue influence exercised by Gladys E. McCormick and that at the time the will was executed the decedent was incompetent. Thereafter the contest came on for a hearing. The jury returned a verdict against the contestants. Thereafter the will was admitted to probate.

On the hearing of the contest Gladys E. McCormick appeared and defended the will. The same attorneys who presented the will for probate upon the request of Gladys E. McCormick also represented her in the will contest.

After the said estate had been administered and was in a condition to be closed Gladys E. McCormick, as executrix, filed her first and final account and petition for distribution. Therein, as a part of the account, it was recited, ''The said executrix and her attorneys have performed extraordinary services in the said proceedings consisting of the following: 1. The successful defense of the contest of the last will of said deceased; . . . '' The legatees and devisees appeared through their attorneys and opposed any allowance to either the executrix or her attorneys. After a hearing duly had the trial court sustained the objections of the legatees and devisees and refused to make any allowance. That refusal is the order complained of and from which this appeal was taken.

The record does not show that it was contended any one of the conveyances to Gladys E. McCormick was invalid. Each devisee and legatee would, under the facts, have taken under the law of succession the same as under the will. If the will was declared invalid no executrix could be appointed and, if it were declared invalid for the reasons set forth in the pleading filed by the contestants, the good name of Gladys E. McCormick might be sullied. Otherwise we can see no benefit to be derived by her, by the devisees and legatees, nor by the estate. The making of any allowance in such an application is largely discretionary. (*Estate of Fulton,* 23 Cal. App. (2d) 563 [73 Pac. (2d) 664].) If the appellant would claim that in denying said allowances

the trial court abused its discretion in the instant case, she should have shown the facts. She has not done so.

The appellant relies on language contained in the case entitled *Estate of Riviere,* 8 Cal. App. 773 [98 Pac. 46]. But the language contained in that case has been expressly limited by what was said in *Estate of Higgins,* 158 Cal. 355, 359 [111 Pac. 8]. Her authority to engage in the will contest proceeding was limited by the provisions of section 902 of the Probate Code. She had authority to charge for " . . . such other litigation or special services as may be *necessary* for the executor or administrator to prosecute, defend, or perform". (Italics ours.) To that extent only was she entitled to employ counsel. But it has been held, under a set of facts less favorable to her than the facts hereinabove set forth, that defending a will contest was not "such other litigation . . . as may be *necessary* for the executor or administrator to prosecute, defend, or perform". (*Estate of Hite,* 155 Cal. 448, 454 [101 Pac. 448]; *Estate of Higgins,* 158 Cal. 355, 358 [111 Pac. 8].) If it was not *necessary* for the appellant to appear in the will contest proceeding and defend the will, she was not entitled to extra compensation, nor was she entitled to be reimbursed for charges which she incurred in costs of suit or in employing counsel in that proceeding.

That part of the decree appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 5, 1939.