[Civ. No. 3032.   Fourth Dist.   May 5, 1942.]

Estate of WALTER B. PRYOR, Deceased.  EVERETT W. PRYOR et al., Appellants, v. OSBORN, BURUM & SHORTRIDGE (a Law Partnership), Respondents.

Waldo R. Bergman for Appellants.

R. Y. Burum and John Shortridge for Respondents.

BARNARD, P. J.—This is an appeal from an order allowing, as payable from the estate, certain fees for extraordinary legal services in resisting a contest before probate of the will of the deceased.

Under the terms of his will the deceased devised certain real property to his housekeeper, Ann Stevenson, and named her as executrix. The will also devised certain other real property to Raymond Pryor, a grandson of the testator, and left all of the residue of the estate, share and share alike, to Everett W. Pryor, a son of the deceased, and Alta U. Pryor, Everett's wife. The property devised to Ann Stevenson was appraised at $1,900, that to the grandson at $400, and that given to the son and his wife at $3,027.14.

When the will was presented for probate Everett W. Pryor filed a contest to which Ann Stevenson filed an answer. After a hearing, the will was admitted to probate and Ann Stevenson was appointed executrix and qualified as such. Subsequently, the attorneys who had represented Ann Stevenson in the contest proceeding filed a petition for the allowance of fees for extraordinary services in defending that contest. Everett W. Pryor, Alta U. Pryor and Raymond Pryor filed answers opposing the granting of the petition in which they alleged, among other things, that Everett W. Pryor had filed and prosecuted the contest to the will with the approval of Alta U. Pryor and Raymond Pryor and while also acting as their agent; that Alta U. Pryor and Raymond Pryor had never authorized Ann Stevenson to defend the contest in their behalf; and that Ann Stevenson had at all times acted for herself and in her own interest in her efforts to sustain the will. The court found that the efforts of the executrix to sustain the will by and through these attorneys had "benefited all the heirs and devisees of said estate, other than Contestant, Everett W. Pryor" and entered an order allowing these attorneys $400 payable out of the estate for extraordinary services rendered in this will contest. This appeal followed and the question presented is whether under such circumstances an order for the payment of such fees out of the assets of the estate may be sustained.

In *Estate of Riviere,* 8 Cal. App. 773 [98 Pac. 46], an order allowing attorney's fees for similar services was affirmed but it does not appear that the executor there had any interest in the estate other than as executor, and there is nothing in the opinion to indicate that all of the devisees and legatees under the will were not equally interested in opposing the contest and upholding the will. That case was referred to in *Estate of Higgins,* 158 Cal. 355 [111 Pac. 8], and approved insofar as it held that attorney's fees, in successfully resisting a contest before probate, may be allowed under some circumstances, the same being *"such as to make such an allowance entirely equitable* as to all persons interested in the estate." (Italics ours.)

In *Estate of Hite,* 155 Cal. 448 [101 Pac. 448], after stating that it was the duty of the trial court to deny such an application for fees "if the services for which compensation was sought were not such as should be paid for from funds of the estate," the court said:

''We have no statute in this state which in terms authorizes an executor named in a will to recover from the estate fees paid by him to attorneys in resisting a contest of the will before probate. . . . If allowable at all, they are allowable under . . . the provision of section 1619 of the Code of Civil Procedure . . . for such extraordinary service as the conducting of such litigation 'as may be necessary for the executor or administrator to prosecute or defend.' . . . Assuming the power to exist, it was clearly for the probate court to determine whether the case was one wherein it was necessary or proper for the executor to resist the opposition to the probate. The mere fact that the statute authorizes him to resist the opposition does not give him the right to be reimbursed from the estate for his expenses in the way of attorney fees. . . . The statute nowhere requires the executor named in the will who has petitioned for its probate to resist the claim of one filing written grounds of opposition thereto. He may or may not, at his option, become a party to the contest by demurring or answering the opposition. (See Code Civ. Proc., § 1312.) It is obvious that there are many cases in which the executor named in the will would not be warranted in engaging in litigation at the expense of the estate for the purpose of establishing the paper offered by him for probate, even though he believed that it should be admitted and that a trial of the contest would so establish. Mr. Woerner says: 'Whether the executor is entitled to credit for the expenses incurred in the litigation to establish a will depends on circumstances in several directions. In so far as he simply performs a duty, the expenses fairly incurred by him in a contest with the heirs at law are payable out of the estate, whatever be the consequences to the successful contestants; but if he voluntarily assumes the burden of a contest which properly belongs to the legatees or devisees, he must look to them, and not to the estate for reimbursement. It is held to be the duty, or at least the privilege, of the person named as executor in a paper purporting to be a last will, to propound the same for probate in the proper court; but the executor is not bound to become a party to an issue of *devisavit vel non*, unless he be secured for the expenses by the persons interested in the will. . . . If, therefore, an administrator or executor incur expense at the request or in the interest of a legatee or devisee, in the fruitless attempt to establish a will, the parties are liable therefor, but not the estate. If the will is established, however, the

costs and counsel fees, *being chargeable against those who are benefited by the litigation,* may be charged against the estate, *if it go to the parties so benefited;* otherwise, the executor's remedy is by action for contribution.' (2 Woerner on Administration, 2 ed. sec. 517.) (The italics are ours.)

"We think this states a most equitable rule, and one that is in full accord with the established doctrine in this state that an executor or administrator as such has no part to play in contests between heirs, devisees, or legatees disputing regarding the distribution of the estate. As in the case of a contest on distribution, a contest of a will is generally nothing more than a contest between heirs and devisees and legatees for the property of the deceased."

In *Estate of Higgins, supra,* an order allowing such attorney's fees payable from the estate was reversed on the ground that it there appeared that the executor was the only person beneficially interested in maintaining the will. The court there said:

"In view of the principles declared in the Hite case there was nothing in the facts of this case to furnish any support for a conclusion that the executor was warranted in defending this will at the expense of the estate. To hold otherwise would simply be to enable him by reason of his position as executor to subject the whole estate to such expenses as were incurred by him in litigation defended by him for his own sole benefit as a devisee and legatee under the assailed will. It cannot properly be held that it was necessary for him *as executor* to defend such litigation. While he undoubtedly had the legal right under our statute to defend the will in his capacity as executor (Code Civ. Proc., secs. 1299 and 1312; *Estate of Hite,* 155 Cal. 448, [101 Pac. 448]), if such defense was solely for his own benefit as a devisee and legateee and could not operate beneficially as to any other person interested in the estate, he must bear the costs and charges of maintaining it."

In the instant case, the executrix is not, technically speaking, the only person benefited by sustaining the will since Alta U. Pryor and Raymond Pryor would take nothing directly if the will were not sustained. As a practical matter, however, they seem to have preferred, as a family matter, to have all of the property go to Everett W. Pryor, the contestant. Whether or not they were benefited by not having their wishes carried out, and viewing the matter from a legal standpoint, this case differs from the Higgins case in that the executrix

was not the sole person benefited by sustaining the will and in that two of the other devisees were also benefited. However, the executrix greatly benefited in that she received approximately one-third of the estate under the will while she would have received nothing had the contest been upheld, and one of the devisees, Everett W. Pryor, was clearly and substantially placed in a worse position by the upholding of the will. The result is that all of the estate will not go to parties who were benefited by sustaining the will and it cannot be said that to allow the payment of these fees from the assets of the estate will be "entirely equitable as to all persons interested in the estate." Under these circumstances, we think it logically follows, under the principles laid down in the cases we have mentioned, that "the services for which compensation was sought were not such as should be paid for from the funds of the estate." The executrix being substantially benefited and only a part of the devisees being benefited, it was practically a contest between individuals and was not such a contest as under the statutes the executrix was entitled to defend at the cost of the estate.

The order appealed from is reversed.

Marks, J., and Griffin, J., concurred.