163 Cal.App.3d 337 (1984)
209 Cal. Rptr. 289
Estate of STELLA SCHUSTER, Deceased.
BERNARD W. SHAFER, as Executor, etc., Petitioner and Appellant,
v.
STANLEY N. GLEIS, Claimant and Appellant;
CEDARS-SINAI MEDICAL CENTER et al., Objectors and Respondents.
Docket No. B005911.
Court of Appeals of California, Second District, Division Five.
December 31, 1984.
*339 COUNSEL
Stanley N. Gleis, in pro. per., and Marc J. Poster for Petitioner and Appellant and for Claimant and Appellant.
Loeb & Loeb, Andrew S. Garb and Terri R. Brownlow for Objectors and Respondents.
OPINION
OSBORNE, J.[*]
We consider the application of an amendment to a statute authorizing fees for an attorney for the executor or administrator of an estate. The amendment authorizes reimbursement from the estate for fees for opposing a contest of the will, filed before the will is admitted to probate. We hold the amendment is applicable to cases pending on appeal after the effective date of the amendment, and accordingly reverse the denial of fees.
Stella Schuster died on March 31, 1982. She left two surviving relatives, a niece, Sandra Weissberger, and a nephew, Robert Grubel, and an estate valued at about $800,000. Her 1978 will named her long-time friend and attorney, Bernard Shafer, as executor.[1]
Mrs. Schuster made specific bequests to Weissberger, Shafer, and nine friends, and named eight charities as equal beneficiaries of the residue of her estate.[2] That residue was worth over $400,000, more than half the estate.
*340 On April 2, 1982, Shafer, as the executor named in the will, filed a petition for probate of the will. On April 29, 1982, Grubel filed a contest of the will.[3] Grubel alleged (1) the will was not properly executed, (2) Mrs. Schuster was not of sound and disposing mind when she executed the will, and (3) the will resulted from the undue influence of Shafer.
Stanley Gleis, attorney for Shafer, opposed the will contest. He filed various motions and petitions for writs contesting Grubel's standing to contest the will, and conducted discovery. After about a year of litigation, pressure, and negotiation, the parties settled the will contest. Grubel dismissed the contest with prejudice, in return for assignment of $30,000 by Shafer and a total of $50,000 by the eight charities.[4]
On September 22, 1983, the will was admitted to probate and Shafer qualified as executor. On October 5, 1983, a petition was filed for preliminary distribution, partial payment of fees, and allowance of extraordinary fees to Gleis for his services as attorney for the named executor in opposing the will contest. Several of the charities objected to any award of extraordinary fees. The court denied extraordinary fees on December 14, 1983, and denied a motion for reconsideration on January 20, 1984.
Appellants, Shafer (the special administrator and named executor) and Gleis (his attorney), filed a notice of appeal from the order denying attorneys' fees and from the order denying the motion for reconsideration. They contend that the court abused its discretion in denying any fees.

DID THE COURT HAVE DISCRETION TO AWARD EXTRAORDINARY FEES FROM THE ESTATE?
In this case, Grubel filed his contest of the will before the will was admitted to probate. Respondents contend that that fact is critical. Respondents *341 contend that appellants would have had a duty to oppose the contest to the will and a right to compensation from the estate, if the contest to the will had been filed after the will was admitted to probate, but not before, citing 7 Witkin, Summary of California Law (8th ed. 1974) Wills and Probate, section 362, pages 5832-5833.[5] Respondents did not mention that in Witkin's supplement to section 363, a 1983 amendment to Probate Code section 902 was noted.
Probate Code section 910 provides that attorneys for executors and administrators are entitled to fees as allowed by the preceding article, which includes section 902. As amended, section 902 authorizes compensation for extraordinary services, including "the successful defense of a will which is contested either before or after the will is admitted to probate...." Appellants rely on that amendment. Respondents contend that the amendment is irrelevant, and is not applicable to this case for two reasons.
(1) First, respondents contend that Probate Code section 902 does not apply to the present case, since the will contest was not pending on January 1, 1984, the effective date of the amendment.[6] Respondents mistake the application of section 902. The section does not authorize an award of fees in the will contest, or in any of the other litigation included in section 902. Compensation for services in the will contest or other litigation is to be allowed out of the estate, as part of the probate proceedings. Those probate proceedings were pending on January 1, 1984, the effective date of the amendment; they were pending on January 20, 1984, when the trial court denied a motion for reconsideration; and by virtue of this appeal they are still pending. (2) Statutes authorizing attorneys' fees are applicable to cases in which an appeal is pending, even if only as to the attorney fee issues, on the effective date of the statute. (Rich v. City of Benicia (1979) 98 Cal. App.3d 428, 434 [159 Cal. Rptr. 473]; Olson v. Hickman (1972) 25 Cal. App.3d 920 [102 Cal. Rptr. 248]; Woodland Hills Residents Assn., Inc. v. City Council (1979) 23 Cal.3d 917 [154 Cal. Rptr. 503, 593 P.2d 200]; see Coast Bank v. Holmes (1971) 19 Cal. App.3d 581 [97 Cal. Rptr. 30].) The amendment to section 902 is applicable to this case.
*342 (3) Second, respondents contend that, even if applicable, section 902 as amended does not authorize fees in this case because appellants' defense of the will contest was not "successful." Respondents cite Estate of Riviere (1908) 8 Cal. App. 773 [98 P. 46], as representing perhaps the only set of facts under which the term "successful defense" of a preprobate will contest makes any sense. They argue that to be "successful," the executor's attorney must secure an actual judgment after a trial on the merits, prior to submission of the will to probate. Since this case was settled by dismissal of the contest with prejudice, without entry of a judgment, respondents contend that there was not a "successful defense." Such an interpretation of the statute would discourage settlements. Public policy strongly favors settlements in will contests in the interest of the preservation of family ties, the adjustment of equities, and avoiding nonproductive waste of the assets of the estate. A party may be "successful" even though the case was resolved by being settled before trial instead of by judgment after trial. (Westside Community for Independent Living, Inc. v. Obledo (1983) 33 Cal.3d 348, 352 [188 Cal. Rptr. 873, 657 P.2d 365]; Folsom v. Butte County Assn. of Governments, supra, 32 Cal.3d 668, 685 [186 Cal. Rptr. 589, 652 P.2d 437]; Rich v. City of Benicia, supra, 98 Cal. App.3d 428, 436 [159 Cal. Rptr. 473]; and cf. Estate of Hite (1909) 155 Cal. 436, 442 [101 P. 443].)
Thus, contrary to respondents' contentions, Probate Code section 902 as amended in 1983 is applicable to this case, and the probate court had discretion to award fees for the successful preprobate defense of the will contest.[7]

WAS THERE A PROPER EXERCISE OF DISCRETION?
Appellants contend that, in light of the express authorization of Probate Code section 902, the court abused its discretion in denying fees for successfully defending the will contest. Respondents contend that, even if fees *343 were authorized, the trial court properly exercised its discretion to deny them in this case.[8]
First, respondents contend that the court properly denied fees because appellants had no duty to defend a preprobate will contest. In light of the amendment to Probate Code section 902, that contention is without merit. The authorization for reimbursement is not dependent on a duty to defend.
Second, respondents contend that fees were properly denied because appellants' expenses were incurred primarily to protect Shafer's interest as a named beneficiary, and not the interests of the charities.[9] That contention is without merit. As respondents concede, if Grubel had filed his will contest after the will was admitted to probate, the executor and his attorney would have been entitled to compensation from the estate for opposing the will contest, regardless of whether the executor was also a named beneficiary. (4) The Legislature has abolished the distinction between preprobate and postprobate will contest defenses. The legislative history indicates an intent to eliminate such considerations.[10] The question is not whether appellants benefitted respondents, the charitable residuary beneficiaries; the defense benefitted the estate in the sense of representing the decedent's desires and intentions as expressed in the will.
Third, respondents object to the fees because they absorbed the cost of their own attorneys. The record does not indicate any substantial work by or compensation to counsel for respondents in the litigation phase.[11] More *344 to the point, respondents' fee expenses are irrelevant to the right of the executor and his attorney to compensation from the estate for opposing a will contest after probate; and the preprobate and postprobate distinction has now been abolished by statute.
Fourth, respondents point out that Shafer received the largest single individual bequest, but if the estate pays the extraordinary fees, in effect, all those fees will be borne by respondents as the residuary beneficiaries. They contend that it is not fair to charge respondents for a defense which benefitted the executor personally as a beneficiary. That is true in the same sense that all of decedent's debts, taxes, fees, and other costs of administration of the estate reduce the size of the estate and therefore reduce the remainder available for the residuary beneficiaries. But it is not true that the fees are being charged to the charitable beneficiaries; they are charges against the estate like any other expense. The decedent decided how she wanted the expenses borne and her bounty shared. If Mrs. Schuster had wanted her primary beneficiaries to share in the payment of debts and costs of administration, she could have provided for a proportionate share of the estate rather than bequests of specific amounts of cash and other property. If she had not wanted the collective share of the charities to increase with the increase in her estate and to decrease with the depletion of her estate, she could easily have structured her will to accomplish that. In effect, respondents are the primary beneficiaries, in the sense that collectively they are receiving over half of her estate. Respondents cannot complain about receiving only $400,000 instead of some larger amount that would have resulted if she had instructed that the other beneficiaries bear or share the debts and cost of administration of the estate. Moreover, this argument is but a variation of respondents' second argument, above, which as noted has been legislatively nullified.
Fifth, and finally, respondents contend that the bulk of the services rendered were in fact not necessary and should not be compensated from the estate, because appellants failed in their attempts to challenge Grubel's legal standing to contest the will. There is some irony to this argument, since some of respondents joined in those attempts by appellants. (5) The right to attorneys' fees is not defeated merely because one does not win on all issues. (See Folsom v. Butte County Assn. of Governments, supra, 32 Cal.3d at p. 685.) Appellants' actions and opposition may have educated and pressured Grubel to the point that they contributed to his willingness to settle.[12] The strategy and the amount of time devoted might be considered in deciding the amount of fees, but cannot justify the total denial of fees.
*345 Taken individually or collectively, the arguments of respondents do not justify a denial of fees to appellants.

CONCLUSION
The amendment to Probate Code section 902 is applicable to this case, because the case was pending on the effective date of the amendment. That amendment legislatively eliminated any distinction between preprobate and postprobate will contests so far as compensation is concerned, and authorized compensation as extraordinary services for successful opposition by the named executor to the will contest. The reasons advanced by respondents do not support a denial of compensation. It is appropriate to remand the case to the probate court for it to exercise its discretion in determining the appropriate amount of compensation. (Contrast Rich v. City of Benicia, supra, 98 Cal. App.3d at p. 434.)
Accordingly, the judgment is reversed and the matter is remanded for the determination of the amount of attorneys' fees to be allowed out of the estate, consistent with this opinion.
Feinerman, P.J., and Ashby, J., concurred.
NOTES
[*] Assigned by the Chairperson of the Judicial Council.
[1] Shafer had been the attorney for civil and tax matters for Mr. and Mrs. Schuster for 40 years. After Mr. Schuster died in 1971, Shafer made investments for Mrs. Schuster and counseled her with respect to her personal affairs.
[2] The eight charities are: Cedars-Sinai Medical Center; American Heart Association, Greater Los Angeles Affiliate; American Cancer Society, California Division Inc.; Vista Del Mar Child Care Service; United Jewish Welfare Fund; Father Flanagan's Boys' Home; McKinley Home for Boys; and Childrens' Hospital of Los Angeles.
[3] Mrs. Schuster had been estranged from Grubel for more than 20 years and had repeatedly said she did not want to leave him anything. She did not name Grubel in any of her six wills and codicils dating back to 1966. In a later deposition, Grubel admitted he never expected to receive anything from her, and did not expect to benefit from the will contest; his sister, Weissberger, had suggested he file the contest because if she contested the will she would be disinherited under an "in terrorem" clause. Grubel was represented by Weissberger's attorney.
[4] Shafer also waived a creditor's claim for $17,750 for legal services performed by him before Mrs. Schuster's death, and agreed to limit any claim by him for extraordinary fees as special administrator and executor to $3,500. Though extraordinary fees for Gleis could also have been negotiated as part of the settlement, respondents do not contend that the settlement bars his claim. (Folsom v. Butte County Assn. of Governments (1982) 32 Cal.3d 668 [186 Cal. Rptr. 589, 652 P.2d 437].)

Shafer and the charities also waived any claim that any beneficiary had lost its bequest by contesting, or aiding and abetting another to contest, the will.
[5] 7 Witkin, Summary of California Law (8th ed. 1974) Wills and Probate, section 362, provides in relevant part: "Although the person named as executor has a duty to produce the will, he has no duty to defend it against one who contests its probate. He has a right to do so, but not at the expense of the estate. If he becomes a party to litigation to establish it in the interest of himself or some other distributee, or to a will contest before probate, the fees and costs will not be allowed. [Citations.] ... [¶] However, after the will is admitted, if it is then contested such a duty does arise, and costs and attorneys' fees incurred in defending it on behalf of its beneficiaries are allowable. [Citations.]"
[6] Appellants contend the amendment is applicable because it was declaratory of existing law. For purposes of discussion, we assume the amendment changed preexisting law.
[7] Without further prolonging this opinion with a detailed analysis of cases cited by respondents, it should be noted what this case does not involve: (1) This does not involve compensation for someone who was unsuccessful. (See Estate of Bloom (1980) 107 Cal. App.3d 195 [165 Cal. Rptr. 591].) (2) This is not a dispute between heirs not involving a will contest. (Estate of Poisl (1957) 153 Cal. App.2d 661 [315 P.2d 98]; Estate of Fulton (1937) 23 Cal. App.2d 563 [73 P.2d 664]; Estate of Murphey (1936) 7 Cal.2d 712 [62 P.2d 374].) (3) This is not a dispute regarding who should be appointed executor when one is not named in the will. (Estate of Barton (1880) 55 Cal. 87.) (4) We do not hold that a named executor has a duty to defend a contest of the will before probate. (Contrast dictum in Estate of Riviere, supra, 8 Cal. App. 773, 776; disapproved in effect in Estate of Higgins (1910) 158 Cal. 355 [111 P. 8].)
[8] The court merely denied appellants' request for compensation for opposing the will contest. The court did not state whether the denial was because it was persuaded by respondents' argument that it had no authority to allow extraordinary fees for opposing a preprobate will contest, or whether the court assumed it had that authority and denied fees as an exercise of discretion. If the court did not exercise its discretion, the judgment would have to be reversed to give it an opportunity to do so. We will assume the court did exercise its discretion, and examine the reasons advanced by respondents to support the result.
[9] Respondents argue that if the will contest successfully established undue influence by Shafer, it would only invalidate gifts to him ($50,000 and a residence valued at $120,000) thereby increasing the remainder to be shared by respondents. If the contest invalidated the 1978 will entirely (e.g., for incompetence of the testatrix), all of the respondents except McKinley Home for Boys would take as residuary beneficiaries under a 1974 will and Shafer would receive $35,000. If Grubel in turn were able to invalidate the 1974 will, then under a 1971 will, Shafer would receive $25,000 and the residuary beneficiaries would be respondents except McKinley Home for Boys and United Jewish Welfare Fund.
[10] "This bill would obviate the various tests (e.g., whether the executor is an interested party to the litigation, whether the will contest occurs prior to probate, whether the defense of the will is necessary) for determining when all fees occurred [sic] in defending a will should be allowed. Instead, the bill would adopt a single, consistent standard  whether the defense of the will contest is successful." (P. 4 of Assem. Com. on Judiciary staff analysis of 1983 Assem. Bill No. 261.)
[11] Certainly, their work and expense in opposing extraordinary fees cannot be considered as a reason to deny extraordinary fees. (Cf. Serrano v. Unruh (1982) 32 Cal.3d 621, 639 [186 Cal. Rptr. 754, 652 P.2d 985] regarding appellate fees to obtain attorney fees under a different statute.)
[12] For whatever reason, he ultimately settled for a small fraction of the one-half of the estate he would have been entitled to if it had been established that the decedent was not competent and was therefore intestate.