## In re FRIEDELL.

### In re SCHOTT'S WILL.

(Supreme Court, Appellate Division, First Department.	August 4, 1897.)

SURROGATE—POWERS—DISMISSAL OF PROCEEDINGS.

Under Code Civ. Proc. § 2481, subd. 11, authorizing the surrogate to proceed according to the course and practice of a court having, by the common law, jurisdiction of matters subject to the cognizance of his court, "and to exercise such incidental powers as are necessary to carry into effect the powers expressly conferred," the surrogate has power to dismiss a proceeding for revocation of the probate or a will, on the ground that the person by whom the proceeding was instituted has willfully refrained from serving the citation before the return day thereof.

Appeal from surrogate's court, New York county.

Application of Emile F. Friedell for revocation of the probate of the will of Wilhelmina D. Schott, deceased. From an order of the surrogate denying a motion to vacate a previous order, and to dismiss the proceeding, the Franklin Trust Company, executor, and others, appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

Horace E. Deming, for appellants.

PATTERSON, J. This is an appeal from an order of the surrogate's court denying a motion made, among other things, to dismiss a proceeding for revocation of the probate of a will. The application to dismiss was made upon the ground that the person by whom the proceeding was instituted had willfully refrained from serving certain persons with the citation, before the return day thereof. The motion was denied, according to the recital of the order, on the ground that the surrogate had no power to dismiss the proceeding for failure to serve, or to commence to serve, the original or supplemental citation upon the parties necessary to the proceeding, or for failure to apply for and take out proper citations. It would appear from the decision that the learned court below based its order upon what it deemed to be the effect of the ruling of the court of appeals in Re Gouraud, 95 N. Y. 256. What was decided in Re Gouraud with reference to the subject involved in this motion is that, in a proceeding for the revocation of the probate of a will, it is not essential to have a citation issued and served within a year, in order to commence a contest, within the meaning of the statute. Giving that decision of the court of appeals its fullest effect, it does not meet the question raised here, which is as to the power of the surrogate's court to dismiss proceedings of this character for fraud or gross neglect to serve process, the issuance of which has been procured by a party who willfully refrains from making service, or attempting to make service, of the process in his hands for service, and thus obstructs the administration of the law in his own case. Such a power and authority reside in a court of record, and are, by provision of the statute, among the incidental powers of the surrogate's court. Section 2481 of the Code of Civil Procedure enumerates the powers of the surrogate in court and out of court, and subdivision 11

authorizes the surrogate, with respect to any matter "not expressly provided for in the foregoing subdivisions of this section, to proceed in all matters subject to the cognizance of his court, according to the course and practice of a court having, by the common law, jurisdiction of such matters, except as otherwise provided by statute; and to exercise such incidental powers as are necessary to carry into effect the powers expressly conferred." It is not to be doubted that a court of common law has jurisdiction to dismiss an action where that jurisdiction is being fraudulently and oppressively used. The surrogate having complete jurisdiction over a proceeding for the revocation of the probate of a will, this eleventh subdivision confers upon him incidental powers otherwise not provided for, among which we conceive to be the same power that a court of common law has to dismiss an action in the cases suggested. We are therefore of the opinion that the surrogate is not without power, upon a proper showing, to dismiss a proceeding of this character, palpably begun in fraud, or conducted in such a way as to indicate that the purpose of its institution is merely to embarrass the settlement of an estate, or to interfere with executors in the proper discharge of their duties, or to throw upon them burdens and obligations which they should not be compelled to assume; in other words, instituted and carried on in bad faith. We only decide that the surrogate is not without power, in a proper case, to dismiss a proceeding of this character; and therefore the order appealed from must be reversed, and the matter remitted to the surrogate's court, in order that it may pass upon the merits of the application.

Order reversed, with costs. All concur.