## In re MILLER'S WILL.

(Supreme Court, Appellate Division, First Department. December 30, 1910.)

1. WILLS (§ 392*)—APPEAL—DIRECTING TRIAL OF ISSUES BY JURY—DISMISSAL BY SPECIAL TERM.

Code Civ. Proc. § 2588, providing that the Appellate Division of the Supreme Court, on reversing a decree of the Surrogate Court in proceedings for the probate of a will, may direct a trial of issues of fact by an order which shall distinctly state the questions of fact to be tried and directing the trial to take place at a specified Trial Term of the Supreme. Court, confers on the Special Term no power to dismiss the proceedings.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 392.*]

2. WILLS (§ 392*)—APPEAL—TRIAL OF ISSUES AT SPECIAL TERM—DISMISSAL.

Where issues of fact in a proceeding for the probate of a will are referred by the Appellate Division to the Trial Term under Code Civ. Proc. § 2588, after reversal of a decree of the Surrogate Court denying probate, the parties to the proceedings are on equal terms in respect to the duty to bring the issues to trial, and neither party is entitled to move for dismissal of the proceedings for want of prosecution.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 392.*]

Appeal from Special Term, New York County.

In the matter of the probate of the will of Charlotte Miller, deceased. From a decree of the Surrogate's Court denying probate, the proponents appealed to the Appellate Division. The decree was reversed and issues of fact directed to be tried at Trial Term. From an order of the Special Term dismissing the proceedings, proponents appeal. Reversed.

Argued before INGRAHAM, P: J., and CLARKE, SCOTT, MIL-LER, and DOWLING, JJ.

Joseph Fettretch (John H. Judge, of counsel), for appellants.
William P. Maloney, for respondents.

MILLER, J. The decedent died on the 2d day of March, 1901. On December 16, 1901, a decree of the Surrogate's Court was entered refusing probate of her will. On an appeal to this court, the decree was reversed, and, as section 2588 of the Code of Civil Procedure required, stated questions of fact were directed to be tried by a jury. Thereafter there were two jury trials, the last one in December, 1902, each resulting in a disagreement. No excuse for the long delay that has since intervened is presented except that some of the parties have died and that negotiations for settlement have been pending. That, however, does not excuse the delay, and, if this were an action pending in the Supreme Court, we should have no hesitation in affirming the order. But we are of the opinion that the Special Term had no power to dismiss the proceeding.

This proceeding has been sent to the Trial Term of the Supreme Court merely for the trial of stated issues by a jury. When a verdict shall finally be rendered, if not set aside, it will have to be certified to the Surrogate's Court for the entry of a decree granting or refusing probate as the case may require. The Special Term of the Su-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

preme Court had no jurisdiction over the proceeding, and the Trial Term has jurisdiction only to try the questions as directed by this court, and upon the rendition of a verdict to pass upon a motion to set it aside, and ultimately to certify the result to the Surrogate's Court. Matter of Murphy, 79 App. Div. 541–544, 81 N. Y. Supp. 101. Said section 2588 of the Code of Civil Procedure provides:

"Such an order (i. e., an order of the Appellate Division, reversing the surrogate's decree) must state distinctly and plainly the questions of fact to be tried; and must direct the trial to take place either at *a Trial Term of the Supreme Court,* specified in the order, or in the county court of the county of the surrogate." (Italics are mine.)

The learned counsel for the respondent has failed to point out any provision of the statute conferring jurisdiction on the Special Term of the Supreme Court to dismiss such a proceeding. As well might the Special Term dismiss it if no questions whatever had been sent to the Trial Term of the Supreme Court for trial by a jury.

It is claimed that the exercise of jurisdiction in this case is supported by the following decisions in this state: Heermans v. Hill, 2 Hun, 409; Matter of Friedell, 20 App. Div. 382, 46 N. Y. Supp. 787; Matter of Lasak, 131 N. Y. 624, 30 N. E. 112. In the first case, it was held that the surrogate had inherent power to allow the proponent to withdraw and to leave to others the assertion of the validity of the will. In the second case, it was held that the surrogate had the power to dismiss a petition for revocation of probate on the ground that the petitioner had willfully refrained from serving the necessary parties with citation before the return day. In the last case, the proponent and certain of the contestants asked the surrogate to dismiss the proceeding but, upon the objection of other parties to the proceeding, the motion was, as the Court of Appeals held, properly denied. While those cases have no application whatever to the case in hand, it may not be amiss to quote from the opinion delivered in the last case to show the standing of the parties in a probate proceeding. After stating that it was a proceeding in rem in which all of the parties could become actors, the court said:

"But, so long as any person cited is before the surrogate in support of the will, he has no right, upon the motion of any other party, arbitrarily to arrest or dismiss the proceeding. After the proceeding is once instituted and the parties cited are before the surrogate, it is not solely the proceeding of the proponent. It is a proceeding in behalf of all the parties interested to prove the will. If the proponent should die, the proceeding would not abate. If he left successors to his interest, they would have to be brought in and be made parties to the proceedings as persons interested in the estate. If the proponent should refuse to introduce any evidence in support of the will, any other party could produce and examine the witnesses."

It would seem that, if there has been an unreasonable delay, it was as much the fault of one party as of another. The case is not at all analogous to an action in which the defendant need only resist the attack of the plaintiff. This proceeding should be brought to a close; but it is within the power of any one of the parties to see that that is done.

The order is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.