In the Matter of the Probate of the Instrument, Dated September 8, 1913, Alleged to Be a Will of CHARLOTTE POTTER, Deceased.

WILLIAM C. FEATHERS, Appellant; AUGUSTA GOULD and AGNES KIRK, Respondents.

(*Supreme Court, App. Div., Third Department, November* 10, 1915.)

WILLS—CONSOLIDATION OF PROCEEDINGS FOR PROBATE OF TWO WILLS— MOTION BY EXECUTOR OF LATER WILL TO DISCONTINUE PROCEEDING DENIED.

Where two instruments are propounded by different parties as wills, and applications made for probate of each, the proceedings will be consolidated and tried together.

Hence, where two instruments have been presented for probate as wills of the same testator, the executor of the later will will not be permitted to discontinue his proceeding, especially since under section 2610 of the Code of Civil Procedure, as amended, "each person named as executor * * * in any other will of the same testator filed in the surrogate's office," must be cited upon a petition for probate, and if he must be cited as executor of such will it would not be consistent to permit him to withdraw the proceeding for the probate thereof.

APPEAL by William C. Feathers, named as executor in the above instrument, from an order of the Surrogate's Court of the county of Rensselaer, entered in the office of said Surrogate's Court on the 21st day of April, 1915, denying his petition.

H. D. Bailey, for the appellant.

William C. Gordon, for the respondents.

Order affirmed, with costs, on the opinion of the county judge, acting as surrogate.

All concurred.

The following is the opinion of the court below:

TIERNEY, J.— This is a motion made upon a petition filed March 3, 1915, for the discontinuance of proceedings to probate the above-named instrument as the last will and testament of Charlotte Potter, deceased.

Charlotte Potter died on the 2d day of April, 1914. On the 7th day of October, 1914, an alleged will, together with a petition asking for its probate, was filed in the Surrogate's Court of Rensselaer county, which said alleged will bore the date of May 8, 1912, and upon said application a citation was duly issued and made returnable on the 9th day of November, 1914.

Subsequent to the filing of said will and petition and the issuance and service of said citation on the parties mentioned therein, and on the 9th and 21st days of November, 1914, Alonzo H. Potter, a son of the testatrix, appeared by his counsel, Shaw, Bailey & Murphy, and produced and, either voluntarily or at the suggestion of the surrogate, caused to be filed in the surrogate's office an instrument in writing, dated September 8, 1913, purporting to be a will of the said Charlotte Potter, deceased, which said mentioned alleged will made a different distribution of the estate of the deceased than the earlier alleged will of May 8, 1912, and named as executor of said last alleged will, William C. Feathers, of the city of Troy, and upon the petition of said Feathers, as executor, a citation tember 8, 1913, should not be admitted to probate as the will was duly issued to show cause why said instrument of Sep-

of Charlotte Potter, deceased.   So that there then was filed in the surrogate's office in Rensselaer county and before the surrogate of Rensselaer county, two instruments in writing, each purporting to be the last will and testament of Charlotte Potter, deceased.   One of May 8, 1912, naming Augusta Gould as an executrix, and Augusta Gould, Agnes Kirk, Sarah L. Cook, Alice E. Feathers and Alonzo H. Potter, the five children of the deceased, as beneficiaries, share and share alike, and the other and later instrument of September 8, 1913, naming William C. Feathers as executor, and Alonzo H. Potter and Alice Feathers, the two youngest children, as beneficiaries, share and share alike, and citations to show cause why each should not be probated as the last will of the said deceased duly issued. Subsequent thereto objections were duly filed by each of the proponents of said alleged wills by their counsel to the alleged will offered for probate by the other, and these objections not having been verified, at a later time verified objections were in like manner duly filed by them.

On December 17, 1914, Augusta Gould, through her attorneys, filed, in writing, a demand for a jury trial of all the issues raised by the objections filed to the will of May 8, 1912, and on December 19, 1914, Calvin S. McChesney, surrogate of Rensselaer county, filed his certificate of disqualification on the ground that it was improper for him to act in said proceedings, and the proceedings subsequent thereto were had before the Rensselaer county judge, acting as surrogate.

The objections filed by the proponent of the alleged will of September 8, 1913, set forth that the alleged will of May 8, 1912, is not the last will and testament of Charlotte Potter, deceased, and further declare that a will revoking said instrument of May 8, 1912, is filed and on record in the surrogate's office, so that it would seem that the demand for a jury trial was in substance a demand to try out the question as to which instrument of the two was in truth and in fact the last will and testament of Charlotte Potter, deceased.

Later, and on March 3, 1915, a petition asking that a supplemental citation issue to William C. Feathers, the executor named in the alleged will of September 8, 1913, was filed with the acting surrogate. Objections to the issuance of such citation were duly filed by Shaw, Bailey & Murphy, Mr. Feathers' attorneys, and on the 4th day of March, 1915, an order directing supplemental citation in accordance with said petition was duly made, and on March 6, 1915, an appeal from said order was duly taken by the attorneys for Mr. Feathers. On March 3, 1915, a petition for the discontinuance of the proceeding instituted for the probate of the alleged will of Charlotte Potter, deceased, dated September 8, 1913, was filed by William C. Feathers, as executor of the said alleged will, accompanied by the written consents, duly verified, of Alice E. Feathers and Sarah L. Cook, and the consent of Alonzo H. Potter by his attorneys, Shaw, Bailey & Murphy, and on March 26, 1915, affidavits of Augusta Gould and Agnes Kirk, beneficiaries under the alleged will of May 8, 1912, Augusta Gould being an executrix and the proponent of said will, in opposition to the petition of Mr. Feathers for leave to discontinue the proceedings, were filed. This last motion for leave to discontinue is the subject now before me for consideration, and I have given so much of the history of this controversy, from its inception down to now, as it seems to me I should give in order to make clear in one statement the reasons for my decision.

It matters not under what conditions or why the alleged will of September 8, 1913, was filed in the surrogate's office and its probate sought. Its apparent and alleged purpose was to defeat the probate of the alleged will of an earlier date, which had there been filed and offered for probate. The proponent of the will of May 8, 1912, has asked for a jury trial of the issues raised. The proceeding is a proceeding *in rem*. The petitioner for the discontinuance of the proceeding of the alleged will of September 8, 1913, prays " that this proceeding may be

discontinued without prejudice, and with the same force and·
effect as·though it had not as yet been instituted or commenced,"
and moves that it be " discontinued without prejudice as above
desired; " but it nowhere appears that either the petitioner for
the discontinuance of, or others who may be interested in the
will are content to forever abandon its probate, nor has any
one declared that the instrument is other ·than it has been
alleged to be and filed as, viz., the last will and testament of
Charlotte Potter, deceased.

Section 2610 of the Code of Civil Procedure, as amended by
chapter 443 of the Laws of 1914, which provides who are to be
cited upon a petition for the probate of a will, provides, among
other things, as follows: " The · following persons must be
cited upon a petition, presented as prescribed in the last sec-
tion. * * * In every case, each person designated in the
will as executor, testamentary trustee or guardian, and each
person named as executor, testamentary trustee or guardian,
or beneficiary in any other will of the same testator filed in the
surrogate's office."

Under this section it was proper that a citation should issue
to William C. Feathers, the executor of the alleged will of Sep-
tember 8, 1913, upon the petition for such citation by the pro-
ponent of the will of May 8, 1912, and all the writers on Surro-
gate's Court practice are a unit on the proposition that where
two instruments are propounded by different parties as wills,
and several applications made for probate, they will be consoli-
dated and tried together as one proceeding. This, undoubtedly,
was in the mind of Surrogate McChesney when, as is alleged,
he urged the filing of the will of September 8, 1913. · Such a
proceeding or trial would finally result in establishing one
paper or the other as the last will of the deceased, and would
thereby possibly save a multiplicity of proceedings or trials,
and bring about a final determination at an earlier day than if
each proceeding were continued separately. For example, we
might continue the proceeding under the alleged will of May

8, 1912, to a final determination, and I cannot see why, after the entry of the final decree in that matter, the will of September 8, 1913, might not again be presented for probate as the last will and testament of the deceased, and another proceed-ing had to determine whether that instrument really was what it purported to be, and if finally established as the last will of the deceased, the proceedings had in the matter of the earlier instrument of May 8, 1912, would then have been a useless task. That a different rule prevails with reference to the right to dis-continue or withdraw a proceeding of this kind then prevails in an action at law, is clearly demonstrated in matter of Lasak (131 N. Y. 624), and the following citations.  In the Lasak matter the court says (at pp. 626, 627): "After the petition was filed with the surrogate and the proper parties had been cited and were before him, he had jurisdiction of the subject-matter and of the parties.   It was a proceeding *in rem* to prove the will.   All the parties could become actors therein.   (Code, § 2617.)   Any of them could contest and produce witnesses in opposition to the probate, and any of them could offer witnesses in support of the will and cross-examine the witnesses called in opposition thereto.   In such a case, if all the parties cited, being of full age, should ask that the proceedings be dismissed, no one appearing in support of the will, it would be the duty of the surrogate to dismiss the proceeding.   The same result could be produced if all the parties cited should formally admit that the will was not legally executed, or that the testator was incompetent.   But so long as any person cited is before the sur-rogate in support of the will, he has no right, upon the motion of any other party, arbitrarily to arrest or dismiss the proceed-ing.   After the proceeding is once instituted, and the parties cited are before the surrogate, it is not solely the proceeding of the proponent.   It is a proceeding in behalf of all the par-ties interested to prove the will.   If the proponent should die, the proceedings would not abate.   If he left successors to his interest, they would have to be brought in and be made parties

to the proceeding as persons interested in the estate. If the proponent should refuse to introduce any evidence in support of the will, any other party could produce and examine the witnesses." (See, also, Matter of Miller, 141 App. Div. 349; Carolan v. O'Donnell, Id. 463; Dodd v. Anderson, 112 N. Y. Supp. 414.)

In this proceeding it is especially important under the present revised practice in Surrogate's Court that the petitioner on this motion should not be permitted to discontinue his proceeding. Prior to the enactment of section 2610 of the Code of Civil Procedure, the executor of another alleged will than the one offered for probate was a necessary party, but was not bound by any decision unless actually made a party to the proceeding,* but the amendment of section 2610 of 1914 states: " The following persons must be cited upon a petition, presented as prescribed in the last section," and then goes on to say, " and each person named as executor, * * * in any other will of the same testator filed in the surrogate's office," so that under the law as it at present reads, the executor of the will of September 8, 1913, said will having been filed and offered for probate in the Surrogate's Court, must be cited in this proceeding and if he must be cited as executor of such will, I cannot see the consistency of permitting him to withdraw the proceeding for the probate of said will and then possibly try the matter piecemeal, instead of in one proceeding and one trial and to one end and determination.

I, therefore, deny the petitioner's motion for leave to discontinue the proceeding for the probate of the will of Charlotte Potter, deceased, of September 8, 1913. An order in accordance herewith may be entered.

I feel that I should not subscribe to the request to find submitted by counsel for the petitioner, for the reason that all proofs before me are in the form of affidavits, and that such

* See Code Civ. Pro., § 2617, as amd. by Laws of 1894, ch. 118.—[REP.

findings could, therefore, be based only upon the petitions and affidavits filed, and not based as findings should be based, upon the sworn testimony of witnesses examined under oath on a trial of the issues involved.