In the Matter of the Estate of CAROLYN L. CASPER, Deceased.

Surrogate's Court, Westchester County, December 27, 1935.

*Joseph P. Bickerton, Jr.* [*Sidney Fleisher* and *Richard H. Levet* of counsel], for the executors.

*James J. Delaney*, for William F. Casper, husband of the decedent.

*Strang & Taylor* [*Clinton T. Taylor* of counsel], for Leonard Kebler, respondent.

*Joel Mencher*, special guardian.

SLATER, S. This accounting proceeding came before the court upon the return of the citation and the supplemental citation. The court referred to a referee the hearing and determination of the objections which had been filed; also, the disposition of the request of the executors in their petition to interpret a portion of the nineteenth paragraph of the will regarding the offer of certain stock to Leonard Kebler pursuant to a named formula as to price. Leonard Kebler was cited to appear in the accounting proceeding and is before the court. He answered the petition of the executors and prays that paragraph nineteenth of the will be construed according to the will as written. (Civ. Prac. Act, § 237.) He has a right to be in this court, and may insist on litigating the question of interpretation pursuant to the Surrogate's Court Act. The special guardian, too, answered with regard to the request to interpret paragraph nineteenth of the will and objected to the granting of the request of Leonard Kebler. The petition of the executor has been controverted. The issues have been framed. The pleadings are pursuant to sections 49 and 52 of the Surrogate's Court Act.

The first question submitted to be heard and determined by the referee was: (1) Whether the executors are required to accept from Leonard Kebler the sum of $570, and upon receipt thereof transfer to said Leonard Kebler certificates of 960 shares of stock of the Ward Leonard Electric Company.

During the hearing by the referee the executors moved by an order to show cause to amend the order of reference dated September 17, 1935, by removing paragraph (1) of the questions therein requested to be heard by the referee; to discontinue the proceeding as against said Leonard Kebler as a party thereto, and to withdraw the request of the executors for instructions respecting the provisions of paragraph nineteenth of the will, and eliminate said matter from the proceeding.

On this motion Leonard Kebler has appeared by counsel and opposes the motion to discontinue.

The executors now challenge the jurisdiction of the court after submitting to its jurisdiction by their own account of proceedings and the petition and request for interpretation. This court has full and complete jurisdiction and control of the whole subject-matter. It has assumed jurisdiction. In this State there is no statute governing plaintiff's right to submit to a nonsuit or to discontinue an action after issue is joined, especially where affirmative relief is sought. The court may exercise its discretion and refuse a discontinuance. The practice of the Surrogate's Court conforms substantially to that in other courts of record. (Surr. Ct. Act, § 316.)

The question of interpretation or construction of paragraph nineteenth of the will is proper to be made in this court. The interested parties are before the court and this is the time to have the question decided. The decree of this court will be complete and sufficient.

An order may be submitted by any of the parties hereto, removing from the referee the question of the construction of paragraph nineteenth so that the court may hear and decide. Otherwise, the motion is denied.

Submit order on notice.