In the Matter of the Probate of the Will of VIRGINIA H. COURTE-NAY, Deceased.

Surrogate's Court, New York County, May 27, 1949.

*George J. Mullen* for Mary Quinn, proponent.

*Walter W. Land* for Edmund K. Kimmel, as executor of Edmund B. Kimmel, deceased, and others, respondents.

*Vincent West* for Edward J. West, respondent.

*Joseph A. Cox* for Francis J. Mulligan, Public Administrator of the County of New York, respondent.

FRANKENTHALER, S. This proceeding was instituted to admit to probate an alleged will of deceased, claimed to be lost or to have been fraudulently destroyed while in the care and custody of another person. The proponent is named as a legatee in the propounded paper.

Deceased died on April 29, 1946, and letters of administration were granted on May 22, 1946. In December, 1947, the administrator filed his account and petitioned for its judicial settlement. The accounting proceeding is pending. The instant probate proceeding was begun early in the year 1948, and was noticed for trial for January, 1949, and after adjournment ultimately came on for trial some time later. At the trial, and before the tender

of any proof, proponent's attorney asked leave to discontinue the proceeding, which application was opposed by other interested parties. The request was not for a decree denying probate. Instead, the proponent sought to withdraw the petition for probate, without prejudice, upon the ground that she was not then prepared to establish her case and would not be prepared if granted a reasonable adjournment. In that circumstance it was in the discretion of the court whether or not to permit the discontinuance of the proceeding (*Matter of Lasak,* 131 N. Y. 624). In *Hoyt* v. *Jackson* (2 Dem. 443, affd. *sub nom. Hoyt* v. *Hoyt,* 45 Hun 590, opinion in 9 N. Y. St. Rep. 731, affd. 112 N. Y. 493) Surrogate ROLLINS said (p. 456): " When once an instrument purporting to be a will has been produced before the Surrogate, and parties in interest have been summoned to attend the probate, it is no longer under the control of the persons who have propounded it. They cannot claim the right to withdraw it from the files, even though all persons interested consent to that course. Nor, on the other hand, can they, by obtaining the consent of all such persons, procure its admission to probate. The proceeding is in effect a proceeding *in rem.* The Surrogate must enter a decree pronouncing for or against the will." (Cf. *Matter of Lasak, supra; Matter of Potter,* 172 App. Div. 458; *Matter of Martin,* 178 Misc. 43; *Matter of Casper,* 157 Misc. 834, affd. 248 App. Div. 636.)

A discontinuance will ordinarily be denied if the termination of the litigation would prejudice the substantial rights of other parties (*Carleton* v. *Darcy,* 75 N. Y. 375; *Winans* v. *Winans,* 124 N. Y. 140; *Frear* v. *Lewis,* 201 App. Div. 660). In this case, the administrator has asked to have his account of proceedings judicially settled and he is prepared to distribute the assets of the estate to the persons ascertained to be the distributees. Although such an intestate distribution would substantially prejudice the rights of persons who might be entitled to deceased's property under a valid will if it existed, the discontinuance of the proceeding to probate the will would equally prejudice the distributees, who here assert a positive right to receive distribution upon the theory that no valid will exists. The distributees as well as the beneficiaries under the alleged will are therefore entitled to an adjudication as to the validity of the propounded paper. Equity required that the validity of that instrument be determined, so that a distribution of the deceased's property could be decreed.

The evidence taken following the denial of proponent's motion wholly failed to establish that the instrument was in existence at

the time of deceased's death or that it was fraudulently destroyed. The proof was that the paper was last known to be in the possession of the deceased during her lifetime. A careful search of deceased's safe deposit vault and her papers and effects was made after her death but the paper could not be found. The legal presumption is that the instrument was destroyed by deceased *animo revocandi* (*Matter of Staiger*, 243 N. Y. 468). The court so holds and denies probate.

Submit, on notice, decree accordingly.