John D. Bennett, S.
In this contested probate proceeding the proponents move to withdraw the petition, stating that they are satisfied the decedent died a resident of the State of New Jersey where he executed a will subsequent to the one now on file with this court.
*758 The propounded instrument provides for a bequest of $20,000 for the testator’s son Raymond, who is the contestant here. The remainder is given in trust for the benefit of a granddaughter, Amy Louise Budoff, until her 25th birthday, at which time she is to be paid 50% thereof, and on her 35th birthday, the balance. The will names as one of the executors Sylvia Budoff, who is apparently the mother of Amy, and who is now, as stated above, moving to withdraw her petition to probate the propounded instrument.
A guardian ad litem has been appointed for one grandchild, a child of a predeceased son, but none has been appointed for Amy, she being merely a legatee and not a distributee of the estate.
In Hoyt v. Jackson (2 Dem. 443, affd. sub nom. Hoyt v. Hoyt, 45 Hun 590, opn. in 9 N. Y. St. Rep. 731, affd. 112 N. Y. 493), the court stated, at page 456: ‘ ‘ When once an instrument purporting to be a will has been produced before the Surrogate, and parties in interest have been summoned to attend the probate, it is no longer under the control of the persons who have propounded it. They cannot claim the right to withdraw it from the files, even though all persons interested consent to that course. Nor, on the other hand, can they, by obtaining the consent of all such persons, procure its admission to probate. The proceeding is in effect a proceeding in rem. The Surrogate must enter a decree pronouncing for or against the will.” (See, also, Matter of Lasak, 131 N. Y. 624.) Moreover, “ A discontinuance will ordinarily be denied if the termination of the litigation would prejudice the substantial rights of other parties ” (Matter of Courtenay, 195 Misc. 446, 447).
It would appear that in this case the primary beneficiary, Amy, would certainly be prejudiced by the withdrawal of the proceeding. Any consent by her, of course, would have no effect since she is an infant; and neither could her guardian or counsel appointed on her behalf make any admissions or concessions that would unfavorably affect her interest (Matter of Greeley, 15 Abb. Prac. [N. S.] 393). Accordingly the motion to withdraw the petition for probate is denied.
Pursuant to SOPA 1402 (subd. 3, par. [a]), the court may direct the Public Adminstrator to take^ such steps as may be required where the petition for probate has been filed and the proceeding has not been diligently prosecuted. The citation in this matter was originally returnable on January 24, 1968 and the matter was placed on the calendar for a hearing on the question of domicile and the jurisdiction of this court on February 21, 1968. While there has already been some con *759 siderable delay, the proponents will be granted a further opportunity to conclude this matter. In the event any further delay should be incurred, the Public Administrator will be directed to take such steps as will be required in this proceeding.
This matter will appear on the calendar of September 25, 1968, and each week thereafter, at 9:30 a.m. for the purpose of reviewing the progress of this proceeding.