Irving A. Green, J.
A petition for leave to abandon a probate proceeding in this court has the following history:
Objections to the probate of a written instrument, dated July 16,1971, and executed in due form as a last will, were filed by a distributee son of the decedent. Such objections are in the usual form and consist of allegations of restraint upon the testator, fraud and undue influence, as well as lack of testamentary capacity and mistake.
The propounded instrument is entirely handwritten upon yellow legal pad paper. In paragraph “ Second ”, such writing recites :
“ Second: All of my property, after payment of my expenses listed above, is to go to my beloved daughter, Mary M. King of Convent Station, N. J., Edward H. King of 99 Lupine Way, Stirling, N. J. and my granddaughter Judith Ann King of Stirling,. N. J. and Louise E. King of Monroe in the following
proportions:

The decedent left him surviving his widow, Louise E. King. Upon the preliminary examination of the subscribing witnesses, *62 before objections were filed, held before Surrogate Hada way on November 13, 1972, it appeared that the instrument was in the handwriting of one of the subscribing witnesses, who is an attorney. He testified the instrument was prepared in his office at Morristown, New Jersey, at about 6:00 p.m., on a Friday afternoon when the decedent and his daughter, Mary King, came into his office, without prior appointment and announced his desire to make a will. This subscribing witness further testified to a conversation at such time with decedent wherein the decedent informed him of his family in New Jersey (of which the daughter, Mary King, was a part), with issue of a then deceased wife; and a subsequent remarriage in New York State where he had a wife and son for whom he desired to niake provision in the will. The petition filed for the probate of1 such writing, however, recites that the decedent left no spouse him surviving, although she is designated as a legatee having an interest in the estate, under such writing, of 10%. -Clearly, the provision made for the surviving spouse is insufficient to provide the minimum share to which the surviving spouse was entitled. (EPTL 5-1.1, subd. [c].) Accordingly, the testamentary scheme of this instrument cannot be carried out and would require alteration in order to conform with the laws of descent and distribution operative upon this estate.
A prior will, dated July 7, 1966, had been duly executed by the decedent in the State of New York, in the offices of an attorney in Orange County. Following the filing of objections to the probate of said later instrument, and as a result of discussions and negotiations held by and among the parties interested in this estate, there is presented to this court a petition to abandon the probate proceeding with respect to said later instrument dated July 16,1971. In the event such petition were granted by this court, it is the desire and intention of all the parties interested in the estate to offer for probate the prior will executed by the decedent. Attached to the petition is a consent by stipulation to abandon the probate proceeding signed by all parties interested in the estate. All of the parties interested in this estate are of full age and under no disabilities.
A probate proceeding is in effect a proceeding in rem. Parties in interest cannot claim the right, by unanimous consent, to withdraw from the Surrogate an instrument produced before him and purporting to be a last will; nor, by unanimous consent, procure its admission to probate. (Matter of Courtenay, 195 Misc. 446.) There.is authority, nevertheless, that “if all the parties cited, being of full age, should ask that the proceed *63 ings be dismissed, no one appearing in support of the will, it would be the duty of the surrogate to dismiss the proceeding.” (Matter of Lasak, 131 N. Y. 624, 627). Ordinarily, of course, a discontinuance would be denied, in any event, where it would prejudice substantial rights of other parties.
A careful consideration of the sparse number of reported cases bearing on this subject persuades the court that the abandonment or discontinuance of a probate proceeding, albeit a proceeding in rem, is within the power of the Surrogate exercising Ms sound discretion.
In this case, the purported will offered for probate, which proceeding is sought to be abandoned, can never be afforded full force and effect since it fails to make the required minimum provision for the surviving spouse. In addition, the petition herein asserts there would result extremely high estate tax impact in both the States of New York and New Jersey in the event this instrument was admitted to probate, resulting necessarily in diminishing the net distributable estate of the decedent to the objects of his bounty. All of the persons interested in the estate are satisfied that the intentions of the testator will be best fulfilled by abandoning this probate proceeding. The facts and circumstances surrounding the making and execution of this hastily drawn handwritten instrument at about 6:00 p.m., on a Friday afternoon, in the State of New Jersey, wherein concededly the testator was not domiciled, as against the formal, typed and more deliberately prepared instrument in the offices of an attorney in the State of testator’s domicile which is to be offered for probate, if this application be granted, are also considered by the court.
Accordingly, in the exercise of tMs court’s discretion the petition is granted and the proceeding for the probate of the writing dated July 16, 1971, as the last will of decedent is hereby abandoned.