[No. 6,265.—Department No. 2.]

## ESTATE OF BARTON.

ESTATES OF DECEASED PERSONS—ADMINISTRATOR—ACCOUNT.—The appellant was appointed administrator of the deceased, but the order was afterward reversed on appeal. *Held*, that he was not entitled, upon accounting, to an allowance for attorney's fees and costs expended by him in the contest.

ID.—ID.—ID.—Upon a contest for the administration, the estate certainly should not bear the expense of the losing party ; and the question stated but not decided, whether it should bear the expense of the winning party.

ID.—ID.—ID.—COMMISSIONS.—There is but one aggregate sum to be allowed as commissions for administration ; and in case of a change of administration, the Court has no basis upon which to make an apportionment between the administrators, until the close of the estate. The outgoing administrator is therefore entitled upon the settlement of his account only, to commissions for the portion of the estate fully administered by him, and for his proportion of the balance of the commission must wait until the final settlement of the estate.

APPEAL from an order for settlement of an administrator's account, in the Probate Court of Los Angeles County. STEPHENS, J.

The facts are stated in the opinion.

*Thompson & Ellis*, and *W. P. Gardiner*, for Appellant.

The appellant should have been allowed the attorney's fees and costs paid by him. (*Estate of Miner*, 46 Cal. 572; *Estate of Simmons*, 43 id. 548; Code Civ. Proc. § 1616.) He should also have been allowed a fair proportion of the commissions for administration. (*Ord* v. *Little*, 3 Cal. 289; *Estate of Simmons*, cited *supra*; Code Civ. Proc. § 1618.)

*Thom & Ross*, for Respondent.

The appellant was not entitled to an allowance for attorney's fees and costs. (*Estate of Simmons*, 43 Cal. 547; *Estate of Gasq*, 42 id. 288.)

Upon a change of administrators, the first is entitled only to such proportion of the commission as the Court may deem right and proper. (*Ord* v. *Little*, 3 Cal. 289.)

MYRICK, J.:

The will of testator omitted to name an executor. There was a contest on the application for letters of administration with the will annexed, between J. E. Griffin, appellant herein, on the one side, and Perdue (one of the devisees) and Rowland on the other. The Probate Court decided in favor of Griffin, and appointed him administrator. Perdue and Rowland appealed from that order, upon which appeal the order of the Probate Court was reversed. Upon the going down of the remittitur, Griffin was removed, and Perdue and Rowland were appointed. The matters involved in the present appeal arose during the time that Griffin was administrator, and relate to items contained in his account rendered for settlement. In the contest and on the appeal, Griffin paid $275 to attorneys for services rendered on his behalf, and $9.20 for printing brief. These items were objected to, and were disallowed by the Court below. We think this ruling was correct. The question involved in the contest and appeal was as to who should administer, and thus receive the commissions. The estate—that is, the creditors and devisees—was not, as such, at all interested. It was a controversy between Griffin on one side, and Perdue and Rowland on

the other, and the estate should not bear the expense, certainly
of the losing party. Whether the other parties will have their
expenses paid out of the estate, will have to be determined if
they shall present the same in their account. (Leading Cases in
*Equity*, vol. 2, part 1, pages 548, 552, edition of 1877, and cases
therein cited.)

The property of the estate was appraised at : Moneys, $2 ;
real estate, $7,650 ; and Griffin received for wood $25, and col-
lected on a debt $40.37. He leased the land for the year 1877,
and received therefor $950. He also leased the land for the
year 1878 for $950, but was removed before the rent became
due. He charged commissions on the appraised value of the
real estate, and on the rental to be received for the year 1878.
These items the Court disallowed, but allowed him $100 for the
care of the real estate. We do not see how he could have been
allowed full commissions on any property that he did not fully
administer upon. The real estate still remains unadministered,
the rental uncollected. He will probably hereafter be entitled
to a proper proportion of the commissions on the value of the
real estate, but there is now no rule by which the Court can say
that his share of the percentage should be so much, and his
successors' share, or their successors', so much.

The Court, in allowing him $100 for the care of the real es-
tate, was doubtless of opinion that he would, in any event, be
entitled to that sum ; but where there is no claim for compensa-
tion for extraordinary services, we do not see that an outgoing
administrator is legally entitled to any certain, definite share of
commissions upon property not yet administered. We cannot say
upon how much he shall receive seven per cent., upon how much
five per cent., or how much four per cent. In all these matters
his successors have a right to be considered. There is but one
aggregate sum to be allowed as commissions, and that sum
must be properly apportioned by the Court. The Court has
no basis upon which to make an apportionment until the close
of the estate. At the close of the administration the apportion-
ment can be made.

We are aware that this Court, in *Ord* v. *Little*, 3 Cal. 289,
said that "in such a case, it is the duty of the Probate Court to
examine into the nature and value of the services rendered, and

comparing as well as possible that which has been done with what yet remains to be done in the course of administration, to apportion the compensation which has been fixed by law for the whole, according to sound judgment"; but we think that the true rule is stated in the paragraph immediately preceding the above quotation, viz. :

"Where an administrator resigns or is removed, leaving the administration incomplete, there is no fixed rule of compensation for the services he has rendered." And in the *Estate of Miner*, 46 Cal. 564, following that rule, the Court said that the commissions are to be ascertained when "*the estate is ready for distribution*." We scarcely see how sound judgment can determine how much the first administrator is entitled to unless it knows and considers what the successor has done, and what the comparison is between his acts and those of his predecessor. The administration of an estate is an entirety; there may be different persons in office at different times, or at the same time; but the claim of each to compensation must be considered with reference to the rights of each and all of the others.

Of course we are not considering the right of the outgoing administrator to commissions upon property which has been by him fully administered upon. In such case, his successor has no right to share in the commissions upon that property.

The order of the Court below should be modified so as to reserve the rights of the appellant, as above indicated, and is affirmed in all other respects. So ordered.

THORNTON, J., and SHARPSTEIN, J., concurred.