# COFFEY'S

# PROBATE DECISIONS.

ESTATE OF N. W. CHITTENDEN, DECEASED.

[No. 4,783; decided February 24, 1887.]

Executors—Right to Counsel Fees.—The trust imposed upon an executor makes the probate of the will a part of his duty, for which he may employ attorneys and charge their fees against the estate.

Executors.—The Fees of Attorneys Employed by an Executor in probating the will, being a charge against the testator's estate, can be fixed only by the probate court.

Executors—Right to Counsel Fees in Procuring Letters.—Counsel fees incurred by an executor in applying for letters are a proper charge against the estate, notwithstanding he renounces his trust before letters are issued.

Executors.—There is a Distinction Between Executors and Administrators. An executor is appointed by the will to carry out its provisions and the wishes of the testator, who burdens the executor with the trusts created by the will and charges his estate with the expenses necessary to carry out his views as expressed in his will; but an administrator has no trust imposed upon him by the decedent, and he looks solely to the statute for his duties, authority, and compensation.

Application for an allowance to petitioners for services performed as attorneys for an executor, in filing a petition for the probate of the will, and proceedings in connection therewith and with the probate of the instrument. The executor did not qualify for his trust, but renounced his right to letters upon or before the hearing of the petition; and this was a direct application to the court by the attorneys so employed by him. The administrator with the will annexed de-

murred to the application, and the following decision was given on the demurrer.

M. S. Eisner, for the demurrer.

John M. Burnett, for the application.

COFFEY, J.    This is an application on behalf of William and George Leviston for counsel fees for services rendered in probating the will of the testator.

The demurrer should be overruled.    This case is to be distinguished from the Estate of Simmons (43 Cal. 548), decided in April, 1872, which applies only to an application for letters of administration, and refers to a class of cases where one is seeking for his own gain to exercise a privilege.

There is a distinction between executors and administrators.    The executor is appointed by the will to carry out its provisions, under the supervision of the court, and the trust is conferred on him by that instrument.    It is the duty of an executor to protect the beneficiaries named in the will, and this he can do in no other way than by offering it for probate.    If he do not renounce the trust he is bound to prove the will, and is not called upon to do it at his own expense. To do so properly he is necessarily obliged to employ counsel, and a counsel fee in that behalf is a proper charge against the estate.

The probate of the will by the executor is the performance of a duty and the fulfillment of a trust, and the payment of attorney's fees just as necessary as that of clerk's fees.

This being a charge against the estate, the judge sitting in this department alone has power to fix the fees: Gurnee v. Maloney, 38 Cal. 87, 99 Am. Dec. 352; Estate of Page, 57 Cal. 241.

The executor is entitled to attorney's fees on probate of will or on contest of same: Abila v. Burnett, 33 Cal. 659; Estate of Miner, 46 Cal. 564.

The executor only carries out the wish and will of the testator, who has the absolute power to make a will and to dispose of his property as he may choose.    The testator, by

the exercise of that power, burdens the executor with the trusts created, and impliedly charges his own estate with all the costs and expenses necessary to carry out his views as exposed in his last will and testament. To hold otherwise would practically nullify the statute of wills, and prevent the testator from disposing of his property as he may elect, or from appointing a disinterested trustee to carry out his views.

Certain legatees and devisees might wish the will enforced, but conflicting interests and contentions might render the assumption of the trust too burdensome.

No one will ever assume the arduous labors and responsibilities of the office of executor, when he himself must pay from his own means for having his muniment of title assured, when nothing of benefit can accrue to him, even in case of success.

The privilege of administration is different; there the intestate creates no trust to be enforced, and burdens his estate with no conditions; he expresses no wish in favor of particular objects, but the party who assumes the privilege is any one of a large number, and is directly interested, outside of his commissions, in taking charge of the estate; the estate is to be divided, and he is a party receiving a share. Further, his duties are not as onerous; he has no document limiting his powers and authority; he has no trust imposed upon him by the will of the intestate; he looks solely to the statute. The duties of an executor are regulated not only by the law but by the will also; he, as executor, has no interest, beyond his commissions, to stimulate his exertions; as executor, he can claim none of the estate, it belongs to others. The compensation of an executor is the same as that of an administrator, but the expenses of the former are necessarily more, and his labors may be harder. He cannot probate the will himself, he must employ counsel. No such charge is imposed upon the administrator. There seems, therefore, to be a clear distinction between the two cases.

Demurrer overruled; ten days to answer.

The Rule that an Estate cannot be charged with the fees of an attorney for procuring letters of administration, which is announced in Estate of Simmons, 43 Cal. 543, has been followed in Bowman v. Bowman, 27 Nev. 413, 76 Pac. 634; Wilbur v. Wilbur, 17 Wash. 683, 50 Pac. 589. One appointed as administrator, and successfully contesting an appeal from the order appointing him, was denied an allowance for attorney fees and costs in Estate of Barton, 55 Cal. 87.