In the Matter of Proving the Last Will and Testament of WILHELMINA STAIGER, Deceased.

JULIA STRETZ and Others, Appellants; FRANK V. BALDWIN and Another, Respondents.*

First Department, June 15, 1928.

* Mod., 249 N. Y. 229.

*Henry Schoenherr*, for the appellants.

*Maurice Bloch*, special guardian, respondent in person.

*Victor E. Whitlock* of counsel [*Holm, Whitlock & Scarff*, attorneys], for the respondent Frank V. Baldwin, executor.

*Sol. A. Hyman*, for the respondent, administrator of the estate of Lorenz Zeller, deceased.

PER CURIAM. The proceeding was brought on for a new trial after the Court of Appeals had reversed a decree admitting the alleged will to probate. (243 N. Y. 468.) The appeal is from those parts of the decree which make allowances to the putative executor for commissions as executor, expenses, counsel fees for himself and others and premiums on his bond, and special guardian fees.

We think that these allowances and commissions, except that of the special guardian, should be disallowed, and that we should reduce that to $1,000.

The Court of Appeals reversed the decree admitting the will to probate and ordered a new trial with costs in all courts to abide the event. This direction of the Court of Appeals was adopted by the surrogate in the order on remittitur.

The proceeding came on again before the surrogate for a new trial, and when the case was called for trial and the jury impanelled, proponent's counsel stated that he had no other evidence to present than he had presented in the first instance, and the proceeding was thereupon dismissed and a general verdict rendered in favor of the contestants.

We hold that as the alleged lost or destroyed will was not legally established, there was no executor appointed, and that all acts of the putative executor were null and void.

"As a will is the only source of an executor's power, and letters testamentary are the only evidence of his authority (*Hartnett* v. *Wandell*, 60 N. Y. 346), it must follow that when the former is never established and the letters are never issued, he who assumes to act as executor is merely a volunteer who has assumed the risk of having his acts repudiated by the courts of competent jurisdiction." (*Dodd* v. *Anderson*, 197 N. Y. 466, 471.)

The failure of the surrogate to order the putative executor to restore the assets of the estate in full was error.

The surrogate also erred in allowing the disbursements for premiums on the testamentary trustee's bond as a credit. Since his appointment was void and as the proceedings were stayed, the trustee was not justified in qualifying and putting the next of kin to the expense of these premiums before the appellate courts had confirmed his right to act.

It was erroneous to charge the costs to the estate, since the successful contestant must pay them as sole next of kin out of her own distributive share.

The decree should be modified in so far as the same is appealed from by (1) Denying any allowances, commissions or credits for disbursements to the putative executor; (2) reducing the allowances for the services of the special guardian to $1,000; (3) directing that the costs of the contestant be paid by Frank V. Baldwin personally; (4) by striking out the provision canceling the bond of the administratrix filed November 17, 1924, and the clause directing that new letters of administration issue upon her filing a new bond; (5) directing Frank V. Baldwin to turn over the assets received by him, less any amounts allowed by the court to the administratrix; and as so modified affirmed, with costs to the appellant against the respondent Frank V. Baldwin personally, and the matter remitted to the Surrogate's Court to proceed in accordance with this opinion.

Present — DOWLING, P. J., MERRELL, FINCH, McAVOY and O'MALLEY, JJ.

Decree modified as indicated in opinion and as so modified affirmed, with costs to the appellant against the respondent Frank V. Baldwin personally, and the matter remitted to the Surrogate's Court to proceed in accordance with opinion.