In the Matter of Proving the Last Will and Testament of HENRY REIMERS, Deceased.*

FRED ANTUSCH and Another, as Executors Named in the Prior Will of HENRY REIMERS, Deceased, Appellants, Respondents; EDNA L. WEIGELT, Individually and as Executrix, etc., of HENRY REIMERS, Deceased, Respondent, Appellant. (Appeal No. 1.)

Second Department, December 9, 1932.

*Stanley C. Fowler* [*Herman B. Forman* with him on the brief], for the contestants.

*Arthur T. O'Leary* [*Stanley C. Simmons* with him on the brief], for the proponent, Edna L. Weigelt.

* Modfd., 261 N. Y. 337.

CARSWELL, J. We find no reason for disturbing the decree in so far as it relates to the probate of the November 23, 1928, will of the decedent.

The decree awarded the contestants (executors under a prior will) " costs " and allowed them $854.40 " disbursements " and a counsel fee of $2,500 as " expenses."

We think, however, that the decree is erroneous in so far as it allowed " disbursements " and " expenses."

The power of the surrogate to award costs and grant allowances is purely statutory. (*Matter of Eddy*, 207 App. Div. 162, 163.)

The pertinent portion of section 278 of the Surrogate's Court Act, giving the surrogate authority, reads:

" § 278. * * * When the decree is made upon a contested application for probate of a will, costs, payable out of the estate or otherwise, shall not be awarded to an unsuccessful contestant of the will, unless he is a special guardian for an infant or incompetent, appointed by the surrogate, or is named as an executor in a paper propounded by him in good faith as the last will of the decedent; but where a person named as the executor in a will propounds the will for probate, such person so named as executor may, whether successful or not, in the discretion of the surrogate, be awarded costs and all necessary disbursements made by him and all expenses incurred in the attempt to sustain the will. The surrogate may order a copy of the stenographer's minutes to be furnished to the contestant's counsel, and charge the expense thereof to the estate, if he shall be satisfied that the contest is made in good faith."

The first portion of the foregoing authorizes in a proper case, that is, where the executors act in good faith, the award of " costs " where such executors act as contestants to the probate of another will of their decedent. We so held in *Matter of Devine* (229 App. Div. 809; affd., 255 N. Y. 634).

Here the surrogate has found that the executors under the prior, or October 11, 1923, will, contested in good faith the probate of the later, November 23, 1928, will. Hence the allowance of $1,500 costs was proper. The executors were furthering, in a representative capacity, the interests of all legatees under the prior will, and, in view of the finding of good faith, the incidental effect of their acts being to their personal advantage as legatees did not preclude an award of costs.

The latter part of the first sentence in the foregoing excerpt from section 278, however, must be construed to authorize allowances for " disbursements " and " expenses " to executors named in a will only when they act as proponents in a proceeding for the probate of the will in which they are thus named. This is so, even

though that probate thus procured in good faith be subsequently invalidated. (*Matter of Staiger*, 249 N. Y. 229.) To construe that language as authorizing an allowance for "disbursements" or "expenses" to executors named in a prior will, where they act as contestants in a proceeding for the probate of a subsequent will, would render meaningless or redundant some of the language in the excerpt quoted. Moreover, the good faith of the conduct of the executors named in the prior will, so far as it relates to the propriety of allowances under the latter part of the language of the section quoted, may only be determined satisfactorily in a probate proceeding in which is sought the probate of the prior will. That stage was never reached here because of the probate of the later will of the decedent.

The manifest legislative purpose was to be more liberal in authorizing allowances to an executor named in a will acting to probate that will, than where such an executor acts as a contestant to the probate of another will of the decedent. In the former case the carrying out of the decedent's intentions is safeguarded from inactivity by the executor because of his possible unwillingness to subject himself to financial hazard. In the latter case the obligation of the executor to act is of a less imperative character. Usually there are others with an interest in contesting the probate of the other will of the decedent, and this may explain the legislative unwillingness to encourage unduly an executor under one will to act as the contestant of another will of the decedent, at the expense of the estate, by authorizing a more liberal basis of reimbursement for so doing than the limited basis it has authorized. But whatever motivated the Legislature, a clear purpose to treat differently the two situations is revealed in the statute.

Accordingly, we are constrained to modify the decree of the Surrogate's Court of Queens county by striking therefrom the allowance of $854.40 "disbursements" and $2,500 "expenses," and as thus modified it should be affirmed, with costs to appellant Weigelt, payable out of the estate.

LAZANSKY, P. J., YOUNG, HAGARTY and SCUDDER, JJ., concur.

Decree of the Surrogate's Court of Queens county modified by striking therefrom the allowance of $854.40 "disbursements" and $2,500 "expenses," and as so modified affirmed, with costs to appellant Weigelt, payable out of the estate.