In the Matter of the Probate of the Will of HENRY REIMERS, Deceased.

FRED ANTUSCH et al., as Executors, Appellants; EDNA L. WEIGELT, as Executrix, Respondent.

(Submitted February 28, 1934; decided March 6, 1934.)

*Stanley C. Fowler, Richard A. Geis* and *Herman B. Forman* for appellants. The Surrogate had authority under section 278 of the Surrogate's Court Act to grant disbursements and costs, including counsel fees incurred as an expense, upon the appeals. (*Matter of Staiger,* 249 N. Y. 229; *Matter of Hidden,* 243 N. Y. 499.) The Surrogate and Appellate Division failed to distinguish between ordinary statutory costs of appeal, similar to those in a Supreme Court action (Surr. Ct. Act, § 283) and costs and expenses allowable to an executor under section 278 of the Surrogate's Court Act. (*Matter of Staiger,* 249 N. Y. 229; *Matter of Reimers,* 261 N. Y. 337.)

*Arthur T. O'Leary* and *Stanley C. Simmons* for respondent. The order appealed from is not reviewable and the appeal should be dismissed, with costs. (*Eschenbrenner* v. *Gude Bros.,* 235 N. Y. 565; *Noyes* v. *Children's Aid Society,* 70 N. Y. 481; *Attorney-General* v. *Continental Life Ins. Co.,* 90 N. Y. 45; *Nagy* v. *Arcas Brass & Iron Co.,* 242 N. Y. 97.) The remittitur of the Court of Appeals is mandatory upon the Surrogate who had no discretion but to enter an order in strict accordance with it. (*Litchfield Const. Co.* v. *City of New York,* 219 App. Div. 369; *Rothmann* v. *Thompson Bros., Inc.,* 193 App. Div. 694; *Hascall* v. *King,* 54 App. Div. 441; *Fulton* v. *Krull,* 151 App. Div. 142.)

POUND, Ch. J. The last will of Henry Reimers was unsuccessfully contested by executors named in a prior will. The Surrogate allowed the unsuccessful contestants costs, disbursements and counsel fee. The Appellate

Division struck out the allowance for counsel fee and expenses as not within the meaning of Surrogate's Court Act (§ 278), with costs to appellant Weigelt (the proponent of the last will) payable out of the estate. (237 App. Div. 343.) This court reversed the Appellate Division and affirmed the Surrogate, " with costs in this court to all parties filing briefs, payable out of the estate." (261 N. Y. 337.) It afterwards denied a motion to amend the remittitur by granting costs in the Appellate Division. (262 N. Y. 468.)

An application was then made by the contesting executors to Surrogate's Court, under section 278 of the Surrogate's Court Act, for a reasonable allowance for counsel fees and other expenses. In denying such application the Surrogate said: " The contestants-appellants are limited by the remittitur to their costs and disbursements in the Court of Appeals which are taxed at $1,598.45. There is no authority for granting either the additional allowance of $2,000 included in the bill of costs, or the suggested counsel fee for the services rendered on both appeals. The item of $2,000 is, therefore, stricken out of the bill of costs and the motion for an additional counsel fee denied."

" When the decree is made after appeal, pursuant to the direction of the appellate court, the surrogate may, in his discretion, allow to an executor, administrator, guardian or trustee such sum as the surrogate deems reasonable for his counsel fees and other expenses necessarily incurred on such appeal." (Surrogate's Court Act, § 278.) Does the determination of this court on the question of costs limit the power of the Surrogate to make an allowance for counsel fee and other expenses incurred on appeal to the Appellate Division? We think not, although it may affect the determination of the Surrogate on such an application. The allowance for such expenses and the amount allowed are both in the discretion of the Surrogate but his power to act is not limited by the action

of the appellate court, and is not measured in terms of the statutory bill of costs. The question is one of a reasonable counsel fee and other necessary expenses.

The order appealed from is a final order. The decree is made after appeal, pursuant to the direction of the appellate court. The decree thus made must be entered in strict accordance with the remittitur. After the entry of such decree, the motion for an allowance for counsel fee and other expenses is an independent proceeding.

The refusal of the Surrogate in the reasonable exercise of his discretion to allow expenses would not be reviewable here, but the application was denied for lack of authority, and not in the exercise of discretion.

The orders should be reversed and the proceeding remitted to the Surrogate to dispose of appellants' application in the exercise of discretion, with costs to appellants in all courts payable out of the estate. (See 264 N. Y. 602.)

CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Ordered accordingly.