[Civ. No. 16429.   Second Dist., Div. One.   Sept. 15, 1948.]

Estate of LOUIS SCHWARTZ, Deceased. MINNIE K. SCHWARTZ, Respondent, v. DAVID SCHWARTZ, Appellant.

Isador Gralla and Joe Wapner for Appellant.

Robert N. Baker and Robert J. Kelleher for Respondent.

WHITE, J.—Louis Schwartz died testate on October 3, 1945. He was survived by his widow, respondent herein, and several children of a previous marriage. The widow and appellant herein, son of the testator by the former marriage, each filed a petition for appointment as administrator with the will annexed. From an order granting letters of administration with the will annexed to the widow, and from a further order denying his petition for letters of administration with the will annexed, the son prosecuted an appeal to this court,

resulting in a reversal of the orders appealed from, and a remanding of the cause with directions to the court below to grant the petition of appellant son for probate of the last will and testament of his father, and to issue to said son letters of administration with the will annexed (*Estate of Schwartz,* 79 Cal.App.2d 301 [179 P.2d 863]).

During the pendency of the foregoing appeal the widow continued to act in the capacity to which she was appointed by the probate court. After the remittitur was lodged in the court below, and on June 27, 1947, the widow filed her "first and final account, report of administratrix with will annexed, petition for fees of administration and her attorneys, and allowance of costs, instructions and discharge."

In her first and final account the widow enumerated certain acts performed by her during the first 59 days after her purported appointment as administratrix and prior to the date when the appeal was taken from the order appointing her, and also set forth certain acts performed by her on behalf of the estate while the foregoing appeal was pending. She petitioned for the approval of her account and "that administrator's fees be fixed for your petitioner in the amount of $675 or such a reasonable amount as the court may determine; and that attorney's fees be fixed and allowed in the amount of $1,400 or such amount as the court may deem reasonable; that your petitioner be allowed to pay herself by way of costs in said appeal the sum of $168.30; . . . " and that the community property, consisting of $525 cash, belonging to the widow, Minnie K. Schwartz, be delivered to the said Minnie K. Schwartz.

Following a hearing on the issues joined by the account, petitions and the objections filed thereto on behalf of appellant herein, David Schwartz, the court rendered its decision as follows:

"Approved the account; awarded to counsel for respondent Minnie K. Schwartz the sum of $800.00, awarded to respondent herein $675.00 for services rendered as administratrix with the will annexed; and awarded to respondent the sum of $525.00 representing one-half of certain claimed community property allegedly belonging to respondent widow."

The court disallowed the costs incurred by respondent on the former appeal in the sum of $168.30, and by a *nunc pro tunc* order subsequently entered, awarded to appellant herein, David Schwartz, the costs incurred by him in his successful

appeal, but assessed the same against the estate. It is from the foregoing orders that this appeal is prosecuted.

Appellant first contends that the court erred in awarding to respondent the sum of $525, the same purportedly being one-half of the value of certain alleged community property of respondent and decedent. In this contention, appellant must be sustained. On the former appeal (*Estate of Schwartz, supra*), the court had under consideration the antenuptial agreement executed by decedent and his wife, respondent herein, and which agreement contained the following provision:

"That said party of the second part shall receive and accept from the estate of the party of the first part, after his death, if she shall survive such party of the first part as his widow, the sum of Five Thousand ($5,000.00) Dollars, in place and instead of all rights, which, as widow of party of the first part, she might otherwise have, either as a homestead community interest or otherwise or as a distributive share of the estate by operation of law, under present or future laws of the State, to be enacted, or in force and effect now or hereafter."

The court held that the agreement in question made respondent herein a creditor of the estate. That by it she had released all claim in and to the property owned by her husband at the time of the marriage and also all interest he might have at the time of his death, and was therefore not entitled to succeed to the estate or any portion thereof. By the provisions of the agreement hereinbefore quoted, respondent herein explicitly agreed that for and in consideration of the receipt by her of the sum of $5,000 from the estate of her husband she relinquished "all rights, which, as widow of party of the first part, she might otherwise have, either as a homestead community interest or otherwise. . . ." The decision rendered on the former appeal that respondent herein had relinquished her right to succeed to the estate of her husband or any portion thereof became the law of the case, and it was the duty of the probate court to proceed with the hearing on the first and final account and petitions filed therewith upon the theory that the aforesaid issue was determined in favor of appellant herein by the former decision on appeal and that such determination was binding upon the trial court and conclusive of that question in subsequent proceedings had in the administration of the estate in question. The award to respondent widow of the sum of $525 as her community share in the estate of her husband was therefore erroneous.

Respondent's argument that her widow's share of the community property belonged to her upon the death of her husband (*Estate of Brown,* 54 Cal.App.2d 575, 579 [129 P.2d 713, 130 P.2d 188]) is unavailing under the facts of the instant case. As heretofore pointed out, she explicitly waived and relinquished ". . . all rights, which, as widow of the party of the first part, she might otherwise have, either as a homestead *community* interest or otherwise or as a distributive share of the estate by operation of law. . . ."

Appellant next asserts that the appointment of the respondent as administratrix with the will annexed was in excess of the court's jurisdiction, and therefore void. Sections 409 and 422 of the Probate Code prescribe the exclusive method for appointment of an administratrix with the will annexed, and the appointment of respondent, being contrary to the applicable code provisions, was in excess of the court's jurisdiction. Whatever curative effect section 1241 of the Probate Code may have, it did not serve to cure defects concerning jurisdictional steps. Any legislative act purporting to validate an order which, as in the instant case, is void for want of jurisdiction, would violate constitutional provisions which forbid an attempted exercise of judicial power by the Legislature, and would therefore contravene due process of law (*Texas Co.* v. *Bank of America etc. Assn.,* 5 Cal.2d 35, 39, 40, 43 [53 P.2d 127]).

However, we are not in accord with appellant's contention that respondent is not entitled to compensation for services rendered to the estate by herself and her counsel during the interim of 59 days following her purported appointment, and until the validity thereof was challenged by the filing of a notice of appeal. It is the appeal taken from the order appointing respondent as administratrix with the will annexed that suspended her powers and stayed proceedings in the court below. It is after the filing of the notice of appeal that all steps taken by one appointed to administer an estate are without authority and void (*Estate of Hultin,* 29 Cal.2d 825, 833 [178 P.2d 756]; *Estate of Stough,* 173 Cal. 638, 642 [161 P.2d 1]). When the appeal was taken it became the duty of the court to appoint a special administrator with the will annexed (*Estate of Hultin, supra,* p. 833). We therefore hold that respondent is entitled to compensation for the services rendered by her and her counsel to the estate during the aforesaid 59 days' interim preceding the filing of the notice of appeal.

■ Appellant's contention that the attorneys for respondent administratrix with the will annexed, whose appointment was void, are not entitled to compensation for filing in her behalf a petition for letters testamentary, appearances in court in connection therewith, and for services in unsuccessfully resisting an appeal taken from the original order appointing her, must be sustained. ■ It is the established rule in this state that where one makes application for the issuance of letters testamentary and is met with a contest he is not entitled to recover attorney's fees incurred in making the application and resisting the contest which ensued. Such a contest is purely a personal one, and not one prosecuted for or inuring to the benefit of the estate. The basic question involved in such a contest and appeal is as to who should administer the estate and thus receive a commission or compensation therefor. Ordinarily, the estate—that is, the creditors and devisees—are not, as such, at all interested. In the case at bar, the contest and appeal was a controversy between the respondent herein on the one side and the appellant on the other, and the estate should not bear the expense, certainly, of the losing party. (*Estate of Simmons*, 43 Cal. 543, 548; *Estate of Barton*, 55 Cal. 87, 88.) As was said by the court in *Estate of Arnold*, 121 Cal.App. 247, 250 [8 P.2d 897]:

"Where such an executor, having offered the will for probate, is met with a contest, he may adopt one of two alternatives: He may assume the burden of resisting the contest or may cast it upon those who would be benefited by the probate of the will. (*Dodd* v. *Anderson*, 197 N.Y. 466 [27 L.R.A.N.S. 336, 18 Ann.Cas. 738, 90 N.E. 1137].) If he chooses the former and is unsuccessful, he does so in the light of the absence of statutory authority for the allowance of the attorney's fees out of the assets of the estate and the rule of *Estate of Olmstead, supra* (120 Cal. 447 [52 P. 804])."

In the case now engaging our attention, respondent administratrix in her petition prayed for an award of attorneys' fees in the sum of $900 exclusive of services rendered on the appeal, and the further sum of $500 for services rendered in connection with the appeal. In its order, the court allowed respondent's attorneys' fees in the total sum of $800, but did not specify what, if any, part of said sum was in payment for services rendered on the appeal. We mention this situation so that upon further proceedings to be had pursuant to the order we must make in this case, the court will not make

an award of any amount as attorneys' fees for services rendered in connection with the appeal. The court properly disallowed respondent's claim for $168.30 expended by her as costs in the contest and appeal and the same ruling should be made as to attorneys' fees for services rendered on the appeal.

From what we have hereinbefore said, it is manifest that the court erroneously charged against the estate the costs incurred by appellant in successfully prosecuting the former appeal from the order appointing respondent as administratrix with the will annexed. As heretofore pointed out, the controversy embodied in the appeal was purely a personal one in which the estate was not interested or benefited. The costs expended by appellant as the prevailing party on that appeal should therefore be taxed against respondent individually and not against the assets of the estate.

From the foregoing it follows that the orders appealed from must be reversed and the cause remanded with directions to the court below to determine what fees respondent is entitled to for services rendered by her to the estate as administratrix with the will annexed during the interim of 59 days following her purported appointment and the date when notice of appeal from the order appointing her was filed, and to award such sum to her; to determine what fees respondent's attorneys are entitled to for services rendered to the estate during the aforesaid 59 days and make an award thereof to them; to disallow payment to respondent of the sum of $525 as the community property allegedly belonging to her; to tax appellant's costs incurred in prosecuting the former appeal against respondent individually and not against the estate; and to take such further appropriate proceedings as are not in conflict with the views herein expressed. It is so ordered.

York, P. J., and Doran, J., concurred.